(17 App. Div. 129.)

## BROWN v. BURNAP.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION.

    A sale by a tenant in common of the goods owned in common, made in order to divide the property or to pay the amount of a chattel mortgage made to him by his co-tenant, and not in denial of the co-tenant's interest, is not a conversion.

Appeal from Chenango county court.

Action by Elijah A. Brown against Isaac Burnap for conversion. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

The defendant leased his farm to one White, to work on shares. White held possession of the farm under such leasing from March 1, 1894, until the fore part of July, and then abandoned it. At the time he left, there were 11 firkins of butter, some young calves, several acres of oats, corn, and buckwheat sown, some potatoes planted, and certain other personal property there, in all of which he had an interest as such tenant. By a bill of sale, absolute in form, and bearing date July 13, 1894, in consideration of $100, he sold and assigned all his interest in such property to the defendant. The defendant retook possession of the farm, harvested the crops, sold the butter and calves, and retained possession of the rest of the property. On the 19th of July, White sold to the plaintiff, by a bill of sale, absolute in form, all of his interest in such property, and recited therein that the bill of sale to the defendant, although absolute in form, was in fact for the purpose of securing to him the sum of $60. Such bill of sale to the plaintiff recites that it is in consideration of $50.87. Subsequently, in October, 1895, the plaintiff brought this action against defendant to recover for his conversion of the property mentioned therein. On the trial, White testified that he owed defendant about $88 at the time he gave the bill of sale to him; that the consideration of the bill of sale was the indebtedness he owed him; that such indebtedness had never been ascertained exactly, and that he could not then state it exactly; that they did not figure up the amount of indebtedness when the bill of sale was given; and that he had never paid any part of it. He further testified that the bill of sale was given to secure defendant his pay, and to keep creditors off, so they could not come and take the balance. He also testified that, when he gave the bill of sale to the plaintiff, he owed him $102.80. Upon the above facts, substantially uncontradicted, the plaintiff rested his case. The defendant thereupon moved for a nonsuit, which was denied; and the justice thereupon rendered judgment against the defendant "for the wrongful conversion of personal property in the sum of $90.06, and $11.35 costs, making in all the sum of $101.46." The defendant took an appeal from such judgment to the county court, where the judgment was reduced to $50.87 damages, and $11.35 costs, amounting in all to $62.22, and, as so modified, affirmed. From such judgment of the county court, the defendant brings this appeal.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

H. C. & V. D. Stratton, for appellant.

W. J. Annas, for respondent.

PARKER, P. J. This action is brought, and plaintiff has recovered, upon the theory that, by the bill of sale from White to him, he succeeded to White's undivided interest in the property mentioned therein, and that the defendant has converted such interest to his own use. Unless that claim is a correct one, this judgment cannot be sustained. The plaintiff contends that White and the

defendant were tenants in common of the property; that, by the bill of sale and the agreement under which it was given, White in effect mortgaged to him his undivided one-half, and (conceding such mortgage to be a valid one) that defendant had the right to sell only so much thereof as was necessary to pay his debt; that, by the sale of the butter, he received from White's share more than enough to satisfy his claim; and that, therefore, the sale of so much of the butter as was not needed to satisfy that claim, the sale of the calves, and the use or detention of the grain and potatoes, were a conversion of White's interest therein. And judgment against the defendant has been rendered upon that theory. I do not think that such claim correctly states the interest of White in the property in question. Under his lease, it was the duty of White to work the farm, and care for all the stock thereon, for one year from March 1, 1894. He was not only to sow and plant the crops, but to cultivate, harvest, thresh, and market them. So, as to the calves, he was to feed and care for them during the year, or until sold. It was because of the performance of this work, as well as the general care of the farm, that he became entitled, at the end of the year, to his half interest in such property. In the early part of July he abandoned his lease, and moved off of the farm. Thereupon the bill of sale and the agreement above mentioned were made. Evidently the defendant was willing to recognize White's interest in the property in the condition in which it then was. There was some reason why the labor and expense he had already put into it should be preserved to White, but there was no reason nor equity why he should continue to have an interest in the increase of those calves or the product of those crops. Defendant must take all the care and do all the rest of the work necessary to perfect them, and hence the growth of such property was to belong to him alone. In other words, the bill of sale and agreement accompanying the same do not recognize a continuing co-tenancy in the growing calves and crops. They recognize a claim on White's part to a half interest in the property, in the condition in which it then was, to wit, crops advanced to a certain stage, in the ground, and calves of a certain condition and age. That specific property, in that condition, both parties recognized as belonging to White; but neither party had any idea that thereafter such an ownership was to continue in White as would require defendant to account to him for the grain and potatoes produced, or the increased value of the calves.

Assuming, then, that White's ownership extended only to the specific articles mentioned in the bill of sale, in the condition in which they then were, we may consider him and defendant as tenants in common of that particular property. We may also concede that White has mortgaged his undivided one-half thereof to defendant, and yet it does not appear that defendant is liable to either him or the plaintiff for a conversion of any part thereof. Defendant sold all of the butter and nine of the calves. A sale of the whole property by the co-tenant does not necessarily amount to a conversion of it. It must be a sale which ignores the rights of

the co-tenant, and which is made in opposition to his claim. Osborn v. Schenck, 83 N. Y. 201. Evidently, the sale of the butter and calves in this case was not, within the above rule, a conversion of White's interest therein. It is evident that White intended that defendant should sell it all, and account to him for the proceeds. It was left in his hands by White to sell, and is clearly a case of one tenant in common selling the whole with the consent of the other. Hence the sale of the butter did not amount to a conversion of it. It is claimed that he was not authorized to sell more of the butter than was needed to pay his debt; that his debt was only $88; and that he sold $110 worth of butter belonging to White. But this claim is not sustained by the proofs. White was entitled to 5½ firkins, of 100 pounds each, and each firkin came to $20. The bill of sale to defendant is in consideration of $100. White testified that he could not tell exactly what his debt to defendant was; that they had never settled their accounts. If the debt was $100, as expressed in the bill of sale, defendant sold no more butter than was necessary, unless he divided a firkin. Under such circumstances, he clearly should not be charged with conversion of any part of the butter. As to the nine calves which he sold, it does not appear when he sold them, but evidently it was after the bill of sale some time. They had by growth acquired a value in which White had no interest. They were not in their nature separable in respect to quality or quantity by weight or measure, so that they could be severed, and each take his share. Hence defendant, as a tenant in common (even though he had no rights under the bill of sale), did not, by a sale of the whole title, convert White's interest therein. A sale was necessary in order to divide the property, and it was not made in denial of White's interests. Channon v. Lusk, 2 Lans. 212; Lobdell v. Stowell, 37 How. Prac. 88, 51 N. Y. 70. The same may be said of the remaining two calves which were not sold. They were not of that separable character which required defendant to deliver them, or any part of them, to White or his assignee on demand. As to the grain and potatoes, the products of the crops on the ground, in the view which I have taken of White's interest therein, it is evident that defendant was under no obligation to divide the same. White had no property in anything more than the growing crops on the ground, at the time defendant took them. For the then value of such crops, it is evident that, under their arrangement, defendant must account; but it is equally evident that he is not guilty of a conversion of the grain and potatoes therefrom, because he refused to divide them with White's assignee. I conclude, therefore, that no conversion of either the butter, the calves, or the crops has been proven against defendant. As to the lumber wagon and bobsleds, they were taken by White himself. As to the mowing machine, of the value of $25, it would seem, if defendant had received his pay for the same, from the proceeds of the butter, he should have delivered it on demand to White or his assignee, but it is not definitely established how much the indebtedness from White to defendant was; and, if a conversion of

that machine was proven, it falls considerably short of sustaining the judgment appealed from.

There is another feature of the case that tends strongly towards the conclusion which I have reached. Assume that plaintiff was entitled to the possession of one-half of the grain, potatoes, and calves, and to the mowing machine, upon demand; the evidence does not show that any such demand has been made. The evidence upon that question is substantially as follows: "I told him I had come to get Ed. White's interest in that property. I asked him to figure up and see what it was." And at another place witness says: "I asked him for the amount due to White as assignee of E. A. Brown." Evidently, the claim made was that defendant should settle his account with White, and pay over any balance found due him. It was not a demand for the grain or the calves or the butter, or any part of them. Much less was it a demand for the mowing machine. It was rather a demand that defendant keep all the property, and account for and pay over to plaintiff what was due to White thereon. Defendant's refusal to do that is not a refusal to deliver White's share in the property itself, nor does it amount to a conversion thereof. Upon the evidence, it is clear that White had the right to require defendant to account to him for the proceeds of the sale of the butter, and the value of the calves and growing crops at the time he left them in his possession; but it does not appear therefrom that defendant has, as against either White or his assignee, been guilty of a conversion of any part thereof. In the view I have taken of this case, it is not material whether or not the bill of sale was void as against White's creditors. It certainly evidences a consent on White's part that defendant should sell the whole interest in the property that was left with him, and, beyond that, it is not needed to justify defendant's treatment of the property.

For these reasons, the judgment of the county court and of the justice's court should be reversed, with costs in each court and of this appeal. All concur.