HAYES v. KERR et al.

(Supreme Court, Appellate Division, First Department. May 5, 1899.)

1. ELECTION OF REMEDIES—TENANTS IN COMMON—ACCOUNTING—CONVERSION.
Defendant had possession of personal property under a claim of title. Plaintiff brought an equitable action to set aside the bill of sale under which defendant claimed, and for an accounting. It was adjudged that plaintiff and defendant were joint owners of the property, and defendant was ordered to account for the use of the property, as trustee, for the time he had possession. *Held*, that defendant could not be charged with the value of the property as one who had converted it, but merely for the profits realized from its use while it was withheld by him.

2. TENANTS IN COMMON—CONVERSION—LEASES.
The renting of personal property in the hands of one tenant in common is not such parting with the title or destruction of the property as will charge him with the conversion thereof.

Appeal from judgment on report of referee.

Action by Emma Hayes against Leonard R. Kerr, individually and as executor and administrator, and others. From a judgment entered on a report of a referee in accounting proceedings pursuant to an interlocutory judgment, defendants appealed. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Sol. Kohn, for appellants.
Peter B. Olney and Edw. C. Boardman, for respondent.

O'BRIEN, J. This suit in equity, brought by the plaintiff, as next of kin and heir at law of Mark Kerr, deceased, to set aside certain conveyances and transfers, for an accounting and for the appointment of a receiver, resulted after trial in an interlocutory judgment granting the relief asked for in the complaint. On appeal to this court, the judgment was modified in some respects unnecessary here to discuss, and the questions of an accounting were sent to a referee. In the opinion of this court on that appeal (19 App. Div. 91, 45 N. Y. Supp. 1050), all the facts are fully set forth, and need not be repeated. This appeal presents questions relating to the proceedings had before the referee. The interlocutory judgment, as modified, provided that the defendants Leonard R. Kerr and Lawrence R. Kerr account before the referee for all the "property covered by the transfers which are avoided by the said interlocutory judgment, * * * and for all the proceeds, rents, issues, and profits thereof received by them, or either of them, including all the rents, issues, and profits as may have been received by them, or either of them, under the agreement made by Leonard R. Kerr and the said Mary Kerr, deceased, and dated on the 11th day of January, 1889, and known as 'Defendants' Exhibit 3.'" Exhibit 3 is as follows:

"New York, January 11th, 1889.
"I agree to run the hotel with my son Leonard R. Kerr on equal terms, Leonard to have the entire management of the hotel.

"Mary X Kerr."
her
mark.

The learned referee, in his decision and also in his report, states:

"In this case when the parties first appeared before the referee, it was agreed that the three questions of fact on which the referee was to find and report as to the amount due were: First. What was the value of the personal estate at the time of its conversion by the defendant? Secondly. What was the rental value of the premises (real estate), the deed in regard to which had been set aside by the court? Third. When did the agreement of the 11th day of January, 1891, commence by its terms to run, and what was the amount of profits under it?"

The appellant insists that there was no such agreement upon questions to be disposed of, and the respondent virtually admits that the record does not show it. The extent to which the respondent goes is in saying that the referee correctly states the substance of what occurred at the opening of the case, but the defendants were not held to their admissions during the trial. We are required, therefore, to consider the questions presented for determination,—there being no binding stipulation or agreement limiting the scope of the inquiry,—and to decide from the entire record and testimony whether the conclusions reached by the referee were right. Considering the principal questions passed upon by the referee, we may, following the same order he adopted, take up in the first place the extent to which the defendant Leonard R. Kerr is chargeable with the personal property in the hotel, under the terms of the decree. The plaintiff and those situated alike with her in interest refused to accept the furniture, and insisted upon the right to elect to take its value, upon the theory that the

defendant had been guilty of converting the same, and was chargeable on that theory. There are many legal objections to the plaintiff's right so to elect at this time, growing out of the form of her action, which was one in equity for an accounting, and from the language of the interlocutory judgment entered, and from the terms of the decision of the court on the former appeal affirming that judgment, which, in effect, ordered that the defendant Leonard R. Kerr should account, "as trustee," for the property. Though it was held that the bill of sale which he had received from his mother of the furniture in the hotel should be set aside, he was not, by our decision, deprived of the title or interest which he had in that property as a joint owner to the extent of one-half, nor of the additional amount or interest to which he was entitled in common with the other next of kin in the one-half belonging to his mother. Having possession of the personal property, and having rented it in connection with the hotel, he should account, as trustee, for all the profits or rents received. In other words, the theory of the plaintiff's action and of the decree was not to charge the defendant with having converted the property, but rather to establish and restore title, and to assert that as to a portion of the personal property the title thereto was in the plaintiff and the other next of kin. Such persons, having established their right to a portion of the personal property which was in the possession of the defendant, and which he had rented in connection with the hotel property, were entitled, as against him, to have their interest fixed, and to require him to account, as trustee, for what he had received from the property, from the time he took possession, down to the time it was decreed that he was no longer the exclusive owner thereof. The plaintiff, having originally elected to treat this as a suit in equity to establish title and to obtain an accounting, could not subsequently elect to treat it as an action for conversion. Where a suit in equity is brought to establish title and to secure an accounting, the one in whose possession the property still is cannot be charged with the value as though he had converted it. The relief to be accorded is that given in this action for the return of the property, together with such profits as may have been realized from its use while it was withheld or employed by the wrongdoer; and it is only in cases where the property taken is destroyed or the title to it in some way parted with by the wrongdoer to some third person and the proceeds converted, or in some other way the identity of the property is lost or its possession cannot be regained, that the value of the property, on the theory of conversion, will be allowed.

The instances in which the joint owner of personal property in possession can be charged with the value of the property, upon the theory of conversion, is pointed out in the case relied on by the respondent. Osborn v. Schenck, 83 N. Y. 201. As said by the learned judge writing the opinion in that case:

"When and for what cause one or two or more tenants in common of personal property may maintain trover against those retaining its possession is sufficiently clear on principle, but not always of easy application to confused

and varying facts. The right of each to the use and possession of the property is precisely the same, and neither can have or exercise a superior authority over the other. It follows, necessarily, that the mere fact of such possession and use by one, even though it prevents the use and possession of the other, can furnish no ground of action, since it is rightful and rests upon a lawful authority. But it also follows that, if that possession develops into a destruction of the property or of the interest of the co-tenant, or into such a hostile appropriation of it as excludes the possibility of beneficial enjoyment by him, or ends in a sale of the whole property, which ignores and denies any other right, then a conversion is established, and trover may be maintained against the wrongdoer. The earlier cases on the subject hesitated to decide that a mere sale of the whole of the common property by one of the owners was sufficient proof of a conversion, and the loss or destruction of the property, so that it had passed out of the reach of the injured party, was to some extent coupled with the fact of a sale as furnishing the ground of an action. But in White v. Osborn, 21 Wend. 75, the rule freed itself from any such incumbrance, and it was decided that the sale of the whole property, which ignored and denied the right of the co-tenant, furnished sufficient proof of a conversion. That case has been steadily followed, and the doctrine is now fully established."

The suggestion is made that, as the manner of using the personal property was in renting it, one of the elements is present which would justify charging the defendant for its value, because the plaintiff and those united with her in interest were excluded from "the possibility of beneficial enjoyment." There was, however, no such deprivation; for, in renting it to a third person, the property was put to the only use to which it was suited, and the plaintiff to the extent of her interest has the same beneficial enjoyment as the defendant of the property. Its use is represented by the rents received, in which, as the result of the accounting ordered, all the next of kin will share. As there was no parting with title by the defendant, nor any destruction of the property, the elements upon which to base an election charging the defendant with having converted the property are entirely lacking.

Upon the first question, therefore, we think that the learned referee erred in the theory on which he proceeded to charge the defendant on the accounting; and this conclusion is necessarily fatal to an affirmance of the judgment. That the rule applied by the referee results in injustice here is made more evident when we consider, in connection with the rule he applied as to the personal property, that which he adopted in reference to the rental value of the real estate; for it appears that, although the decrees required the defendant to account for the rents and profits received from the property, he was charged with an estimated rental value, regardless of what he received. The statement in the decrees as to what the defendant should account for, and the fact that he was chargeable, not as one who had no relation whatever to the property, but as a trustee for himself and the others whom the decree held to be entitled to some interest in the real estate, shows that the theory on which the referee proceeded with reference to the rental of the property was also erroneous. It is not claimed that there was any bad faith or want of judgment or care or diligence in the way in which the defendant managed or rented the property; and it appears that the hotel, consisting of several buildings, and having the furniture as

necessary equipment, was rented in the way in which it would bring the highest price, namely, as a whole for hotel purposes. And the amount received for such renting was all that the defendant or any one, so far as shown, could have obtained for the property. Instead, however, of being required to account for the rent received, the defendant was charged with a greater sum, notwithstanding the fact that he stated that the price at which the hotel was rented was enhanced by the circumstance that the furniture was included in the leases made. And, although the defendant is charged with the full value of the furniture, as though he had converted it, he is not allowed anything for its use in connection with the rental of the real estate. We say not allowed, because the amount charged against him as the value of the rental of the real estate was concededly more than was received from the rent of the real estate, together with the furniture. Here, again, the referee proceeded on the theory of conversion, as if the defendant had converted the real estate or its rental use, and was liable for an estimated value, instead of being chargeable as a trustee. For so proceeding, we find no warrant either in the interlocutory judgment or in our decree confirming the same.

It may be pointed out, furthermore, that there was no justification or reason for the referee to take evidence as to the value of the fee property, since that determination was not referred to him, and there was no advantage to be derived from his finding on that subject. Such testimony would be necessary only in the event that the defendant had converted the property, and was to be charged therefore for its value. We do not understand, however, that even the respondent goes to that length, and the exception taken by the defendant to this finding was right, although it may be said that the finding was harmless because there was nothing in the report or in the final judgment which required the defendant to pay over money on the basis of the referee's valuation. As the referee has fallen into error upon the two principal questions involved in the construction to be given to the interlocutory judgment as affirmed, it is unnecessary to extend the discussion to other matters, for the reason that another accounting will be required.

The judgment should accordingly be reversed, and a new accounting ordered before another referee, with costs to the appellant to abide the event. All concur.