### FELTS v. COLLINS et al.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

1. CONVERSION—JOINT OWNERSHIP—INDIVISIBILITY.

Where defendants having an undivided half interest in cattle on plaintiff's farm entered thereon, and, on the latter's refusal to join in a division, by force took, drove away, and sold one-half of them, they were guilty of conversion, the cattle not being by nature divisible so that they could be severed, and each take his share.

2. TRESPASS TO PROPERTY—CO-TENANCY—ACTION BY ONE CO-OWNER—DEFECT OF PARTIES—WAIVER.

In an action for trespass upon real estate the nonjoinder of a cotenant is not a ground for dismissal, where the defect is waived by failing to object by answer or demurrer.

3. CONVERSION—JOINT OWNERSHIP—DAMAGES.

Where defendant, having an undivided half interest in cattle, drove away and sold one-half of them, the measure of damages is one-half of the value of those cattle so converted.

**4. SAME—THEORY OF FINDING—EVIDENCE.**

In an action for conversion of cattle, where defendant claimed an undivided half interest in them, a verdict for their full value cannot be sustained by plaintiff's contention that there was evidence that she was the sole owner of the cattle, when such evidence was not submitted to the jury, and the court's instruction permitted the recovery of full value, though she was only a half owner.

**5. SAME—JOINT WRONGDOERS—LIABILITY OF.**

A person who, in assisting a co-owner in taking away cattle from the possession of the other co-owner, does nothing more than attempt to keep the cattle together, and takes no part in a sale of them, is not guilty as a joint wrongdoer.

Chase, J., dissenting.

Appeal from Columbia county court.

Action by Catherine C. Felts against William B. Collins and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Modified in part and reversed in part.

Argued before PARKER, C. J., and EDWARDS, SMITH, CHASE, and HOUGHTON, JJ.

C. E. Barrett, for appellants Hand and Kunker.

E. R. Harder, for appellant William B. Collins.

C. F. Eberle, for appellant Van Alstyne.

Farrar & Farrar (John Cadman, of counsel), for respondent.

HOUGHTON, J. The complaint alleges that the defendants wrongfully trespassed upon the plaintiff's real estate, and took from her possession eight cows and two yearlings, and converted them to their own use. The specific value of the property is stated, and the general damage claimed at a larger amount. The plaintiff and her husband had been farm tenants of the defendant Collins from the spring of 1889 to January, 1899, when the farm upon which they were residing was sold under foreclosure, and the title passed to one Babcock, under whom they continued in possession until April, 1899, when the alleged trespass and conversion was committed. The testimony showed that when plaintiff and her husband moved upon the farm there was a verbal arrangement with Collins, subsequently reduced to writing, that they should work the farm on shares, each to furnish half the stock and have half the avails and increase. After the title to the farm had passed from Collins under the foreclosure, he demanded a division of the cattle, and the plaintiff denied that he had any right in them, and refused to divide, and forbade his taking any of them. Defendants Hand and Kunker had some lien on Collins' alleged interest, and the three, assisted by Van Alstyne, forcibly broke into plaintiff's stables, sorted out one-half the cattle, and drove them away. Shortly after, Collins, with the consent of Hand and Kunker, sold the cattle. The plaintiff's testimony tended to show that she was the owner of all the cattle, and that Collins had no interest in them; and she and her husband testified then when they came upon the farm they brought 14 head of cattle there, and that Collins agreed to pay for half of them, but never did so, and subsequently released to the plaintiff, or her husband, all claim in the increase or avails of that class of stock; and that the cattle then on the farm

were made up from the cattle thus brought there and their increase, or such as the plaintiff or her husband had purchased. As early as 1891 the plaintiff's husband gave to her a bill of sale of the undivided one-half of all the cattle on the farm, and supplemented that by another bill of sale in January, 1899, of the same thing. Dispute arose between Collins and the plaintiff's husband in the fall of 1898 with respect to a half ownership in the cattle by Collins, and the matter was left to arbitrators, who found that Collins was the owner of one-half, to which award the plaintiff's husband acquiesced in writing. It does not appear that the plaintiff knew anything of this adjustment of affairs, or acquiesced in it. Collins himself claimed that he paid $200 to the plaintiff's husband for one-half of the stock, and that he had the right to arbitrarily divide the same on the refusal of the plaintiff or her husband to do so. On a former trial the plaintiff obtained a verdict, and on appeal the judgment was reversed (Felts v. Collins, 46 App. Div. 334, 61 N. Y. Supp. 482), on the ground that the court erred in refusing to charge the jury that, if they found that Collins was a co-owner of the cattle, he was not liable for conversion in merely taking possession of them, under the familiar rule that an action for conversion will not lie by one tenant in common against another for taking joint property, unless there be a denial or exclusion of right of the other co-tenant, or a destruction or sale of the property; because each is entitled to possession, and one has no greater right than the other. It did not then appear, as it does now, that the property had been sold.

The main contention of defendants on the trial under review seems to have been that the division was fair, Collins having taken one and set apart another for the plaintiff, and then offering to let the plaintiff choose either herd; and that the property was divisible by nature, and therefore Collins had a right to take away and sell his half. The trial court held that the cattle were not divisible by nature, and in this he was manifestly right. They were not, in their nature, separable in respect to quality or quantity by weight or measure, so that they could be severed, and each take his share. Brown v. Burnap, 17 App. Div. 129, 133, 45 N. Y. Supp. 149; Dear v. Reed, 37 Hun, 594. The court was also right in ruling that the plaintiff might maintain an action for trespass, even if her husband was cotenant of the farm with her. In actions for tort the nonjoinder of a co-tenant is not ground for dismissing the complaint, because that defect is deemed waived unless the objection is taken by demurrer or answer. Zabriskie v. Smith, 13 N. Y. 322, 64 Am. Dec. 551. But, on the theory that the plaintiff and Collins were joint owners of the property, the court was manifestly wrong in laying down the rule that the plaintiff could recover the full value of all the cattle which the defendants took away and sold. If Collins had a half interest in them, he had a half interest in each head which he took away, and the plaintiff had only the remaining half interest which could be converted. If liable at all, therefore, under such conditions, he was liable only for converting the share or interest which the plaintiff owned. In an action for conversion one co-

owner can recover of another co-owner, who converts the property to his sole use, only the value of the interest which he owns. Stall v. Wilbur, 77 N. Y. 158; Green v. Edick, 66 Barb. 564; Van Doren v. Balty, 11 Hun, 239. But the plaintiff contends that she can sustain the verdict on the ground that there was evidence that she was the sole owner of all the cattle on the premises. This might be so if the jury had been allowed to pass upon that question. But they were nowhere told in the charge of the court that, in order to find a verdict against the defendants for the full value of the property, they must find that the plaintiff owned all the cattle, and that the defendant Collins had no interest in them. The charge, as a whole, permitted the jury to infer that they might find for the plaintiff the full value of the entire property taken, even though the plaintiff was the owner of only one-half of the property.

The utmost value proved of the entire property converted was $380. While the trespass was unauthorized and unlawful, there was no special damage done, except the breaking of a board and a couple of locks, and it is fair to assume that the jury allowed only a few dollars for the trespass, and allowed the whole amount of $380 as the value of the cattle in arriving at their verdict of $400. The motion to set aside the verdict as excessive, therefore, brings up for consideration the rule of damages laid down by the court. De Lavalette v. Wendt, 11 Hun, 432. The highest entire value of the cattle taken and sold, as proven, being $380, the verdict was therefore too large by one-half that amount.

As to the defendants Collins, Kunker, and Hand, the judgment should be reversed, with costs to abide the event, unless the plaintiff stipulates to reduce the damages to $210, and, if the plaintiff so stipulates, the judgment should be affirmed, without costs of this appeal. As to the defendant Van Alstyne, the judgment should be reversed. Assuming that he assisted in the original taking of the cattle, there is no testimony that he did any breaking of the locks or gates, or did anything more than attempt to keep the cattle together. In the selling—which was the principal element of the conversion—he was a simple spectator, and had nothing to do with it directly or indirectly. As to him, the judgment should be reversed, but, the appeal being a joint one, it is without costs to him. All concur, except CHASE, J., who dissents.