(84 Misc. Rep. 21

### WARNER v. CECIL.

(Supreme Court, Appellate Term, First Department. January 8, 1914.)

TENANCY IN COMMON (§ 27*)—CONVERSION OF PERSONAL PROPERTY—RIGHT TO SUE.

Defendant, while the owner of 16 shares of certain corporate stock, for a valuable consideration assigned to plaintiff his right, title, and interest therein to the extent of $300, or for three-eighths of the 16 shares. Defendant then sold the stock without authority and refused to account to plaintiff for any part of the proceeds. *Held*, that plaintiff and defendant were tenants in common, and, while defendant's sale of the stock did not of itself amount to a conversion, his refusal to account for plaintiff's share of the proceeds constituted a conversion for which plaintiff was entitled to recover at law.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 70–75; Dec. Dig. § 27.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Ella Warner against George Cecil. From a judgment dismissing the complaint for want of jurisdiction of the subject-matter, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Edward J. Welch, of New York City, for appellant.
Bernard J. Tinney, of New York City, for respondent.

PAGE, J. The complaint alleges that the defendant was the owner of 16 shares of stock of the Westinghouse Air Brake Company, and for a valuable consideration assigned to the plaintiff his right, title, and interest therein to the extent of $300, or for three-eighths of the 16 shares. It then states that the defendant sold the stock without authority from or notice to the plaintiff and appropriated the proceeds to his own use, and that the plaintiff demanded of the defendant the sum of $300, or in lieu thereof the delivery to her of shares of the said stock of $300 value, and that the defendant refused to comply with her demands and unlawfully converted the stock and its proceeds to his own use.

The theory upon which the complaint was dismissed by the learned trial justice seems to be that, under such circumstances, only an accounting in equity between tenants in common would lie, and that the Municipal Court had no jurisdiction of the action. This, in my opinion, is clearly error. It is conceded that the relations of these parties with respect to the stock were those of tenants in common. As stated by the court in Brown v. Burnap, 17 App. Div. 129, 45 N. Y. Supp. 149, upon which the respondent relies, a sale of the property by one co-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tenant does not amount to a conversion thereof unless it ignores and disclaims the rights of the other tenant; and it may be conceded that in the case at bar the sale of the stock by the defendant did not in itself necessarily amount to a conversion, since it was not inconsistent with the plaintiff's rights. After the sale, however, the plaintiff became at once the owner of $300 of the purchase money received by the defendant and was entitled to immediate possession thereof upon demand. She alleges that she demanded it and that the defendant refused to deliver it. Such a demand and refusal was a denial of the plaintiff's rights and clearly a conversion. Osborn v. Schenck, 83 N. Y. 201; Lawatsch v. Cooney, 86 Hun, 546, 33 N. Y. Supp. 775; Hayes v. Kerr, 40 App. Div. 348, 57 N. Y. Supp. 1114; Gates v. Bowers, 169 N. Y. 14, at page 17, 61 N. E. 993, 88 Am. St. Rep. 530. No accounting was necessary to determine the exact amount of the plaintiff's share. It was liquidated by the prior agreement. The action was properly brought in conversion, and the complaint should not have been dismissed.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.