By the Court—Bosworth, Ch. J.
The defendants in the third head of their answer aver, “that the plaintiffs, before the commencement of this action, commenced an action against the defendants in the Supreme Court, for the same cause of action and debt which are the subjects of this suit and of said complaint, and said former action is now pending and undetermined.” The practical question is, “Did the defendants establish, at the trial, the truth of this averment?”
The cause of action in the suit before us, arises upon ■express contract, is a legal demand, is triable by a Jury and not by the Court, (Code, § 253,) and the plaintiffs’ right to costs is absolute, on judgment being entered on *298 the verdict. (Id., 304, sub. 4.) The old Court of Chancery would have no jurisdiction of it.
The action in the Supreme Court is upon an equitable demand, is triable by the Court, (Code, § 254,) and the ■ costs of it can be awarded according to the discretion of the Court. A Court of Law, prior to the Code, would have no jurisdiction of it.
The action in this Court is brought to recover a judgment for money, eo nomine, et in numero. The action in the Supreme Court, is brought to compel an application of the property which the defendants had in October, 1857, to the payment, pro rateo, of the debts then owing by them and previously contracted, whether then due or to become payable afterwards. That action was brought on behalf of the plaintiffs, and all other creditors who might come in and contribute to the expenses of it.
It is indeed true, that the Code abolishes all forms of pleading theretofore existing, (§ 140,) and that when an answer is put in, the Court may grant to the plaintiff, “ any relief consistent with the case made by the complaint, and embraced within the issue.” (Id., § 275.)
Marquat v. Marquat, (2 Kern., 336,) favors the idea, that the plaintiffs may have judgment in the action in the Supreme Court, for the amount of their debt, although they fail to prove the facts alleged and relied upon to establish a right to the relief specially prayed for in the complaint in that suit. If this be so, then, if on a trial of that action, the Court should refuse to give such a judgment, and if the plaintiffs instead of appealing should commence a suit like the present, the question would arise whether such judgment would be a bar, as presenting a case of res adjudicatco.
But it may be that the plaintiffs’ present position is not so unfavorable as it would be in the case supposed. The former suit has not been tried. At all events there is no evidence of it in the case before us. And if the system existing when the Code was enacted was now in force, and the suit in the Supreme Court had been in the Court *299 of Chancery, I think it quite clear, that a dismissal of such a bill by the Court of Chancery would not be a bar to the present action.
The causes of action in the two suits are not the same, within any rule of testing and determining their identity, established prior to the Code. No new rule on that subject has been enacted by the Code.
Although the Supreme Court may, perhaps, be competent to grant relief in the action in that Court, which the old Court of Chancery could not give on a bill containing the same allegations of fact as are found in the complaint in the Supreme Court, yet it does not necessarily follow that the causes of action stated in the complaints in these two suits must be held to be the same, when they clearly would not have been prior to the Code.
■ Where the cause and object of both actions is the same, a judgment in the prior bars the subsequent suit. But, where the cause or object of the actions is different, the prior judgment is no bar to the subsequent suit; although any point common to both and actually determined in the first, would conclude the parties in respect to it in the second suit. (2 Cow., Hill., and Edwards’ Notes, vol. 2, p. 18, note 1.)
As a dismissal of a bill in Chancery containing the same allegations as the complaint in the Supreme Court, would not be a bar to the second, the pendency of such an action as the former would not abate a suit, like the present, subsequently brought.
We, therefore, conclude, that the two suits are not for the same cause of action, within the meaning of the rule that makes the suit first brought a sufficient matter for abating the second, and that the judgment should be affirmed.