ANTHONY H. LAWATSCH, Respondent, *v.* JOHN J. COONEY, Appellant.

*Trover — what constitutes a conversion of a bill of exchange — defense of the pendency of another action.*

Where two persons owning a draft in common agree upon the amount of their respective interests therein and that the draft shall be delivered to a third person to collect and divide the proceeds, and upon the faith of such agreement one of the owners indorses the draft, and afterwards the other wrongfully obtains possession thereof with the indorsement thereon, and claiming to be its sole owner denies that such indorser has any interest therein, the action of such person constitutes such a wrongful appropriation of the draft, in violation of the contract of the parties, as to constitute a conversion.

*Quære*, whether the agreement and the delivery of the draft to the third person for collection operated as a separation of the tenancy in common therein.

The pendency of an equitable action brought for the specific performance of such a contract is not a defense to an action brought to recover damages for the wrongful conversion of the draft subsequent to such contract, when both such actions are commenced at the same time.

An action in the nature of a trover can be maintained as well for the conversion of a bill of exchange or a note as for any other property.

APPEAL by the defendant, John J. Cooney, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 26th day of April, 1893, upon the verdict of a jury rendered after a trial at the Ulster Circuit, and also from an order entered in said clerk's office on the 22d day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*George Van Etten* and *John J. Linson*, for the appellant.

*John E. Van Etten*, for the respondent.

Per Curiam :

The evidence was such that the jury could properly find that plaintiff was part owner of the draft described in the complaint. The parties had agreed upon the amount of his interest therein and that the draft should be delivered to Brinnier to collect and divide the proceeds, and on the faith of that agreement plaintiff had indorsed the draft. Afterwards the defendant wrongfully obtained possession of the paper with plaintiff's indorsement thereon, claimed to be the sole owner and denied that plaintiff had any interest therein.

We think defendant's action was such a wrongful appropriation of the draft in violation of the contract of the parties as to constitute a conversion. (*Delaney* v. *Root*, 99 Mass. 546; *Osborn* v. *Schenck et al.*, 83 N. Y. 201.)

Probably the agreement and the delivery of the draft to Brinnier operated as a separation of the tenancy in common therein. (*Lobdell* v. *Stowell*, 51 N. Y. 70; *Channon* v. *Lusk*, 2 Lans. 211.)

An action in the nature of a trover can be maintained as well for the conversion of a bill of exchange or a note as any other kind of property. (*Murray* v. *Burling*, 10 Johns. 172; *Develin* v. *Coleman*, 50 N. Y. 531; *Decker* v. *Mathews et al.*, 12 id. 313.)

We do not regard the pendency of the other action, commenced at the same time as this, as a defense. That action is an equitable one, brought for a specific performance of the contract between the parties. This action is for a wrongful conversion by the defendant of the draft subsequent to the contract. (*Paige* v. *Wilson*, 8 Bosw. 294; *Webb* v. *Van Zandt*, 16 Abb. Pr. 190.)

The judgment should be affirmed, with costs.

Present — Putnam, Herrick and Stover, JJ.

Judgment affirmed, with costs.