## PAWSON v. MILLER.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. TROVER—CONVERSION—CHECK.

A judgment debtor gave his check to a constable in full settlement of the judgment. On the constable's return with the check to rectify a variance between the marginal amount and the amount stated in the body thereof, the debtor took the check and destroyed it. *Held*, that this was a conversion, for which trover would lie.

2. SAME—MEASURE OF DAMAGES.

Where a debtor, in payment of a judgment, gave his check, and on receiving the check for rectification of an error therein converted it, the measure of damages was the value of the check, shown by the bank's offer to pay the amount written in the body thereof.

Appeal from Westchester county court.

Action of trover by Laura V. Pawson against August Miller for conversion of a check. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Arthur Rowland (F. X. Donoghue, on the brief), for appellant.
John C. Harrigan, for respondent.

SEWELL, J. There is no dispute as to the facts of this case. The plaintiff recovered a judgment against the defendant for the sum of $205. An execution was issued, and delivered to Thomas E. Lee, a constable, who made a levy upon the defendant's property. Some time thereafter the defendant gave a check to the constable in settlement of the judgment, fees, and expenses. When the constable presented the check at the bank where it was payable, it was discovered that "two hundred and $^{95}/_{100}$ dollars" was written in the body of the check, and $210.95 in the margin. The cashier, offered to accept the check and pay the amount stated in the body of the check, but refused to pay the amount stated in the margin. The constable took the check to the defendant, and asked him to rectify the mistake. He testifies that the defendant said: "'Will you let me have a look at it?' I took the check out, and held it with both hands. Before I could show the error, he snatched it out of my hands, and tore it up, and destroyed the check." From these facts it appears that the defendant converted the check to his own use. "The action of trover is founded on the right of property and possession, and any act of a party other than the owner which militates against this conjoint right in law is a conversion." Mahaney v. Walsh, 16 App. Div. 601, 44 N. Y. Supp. 969.

It is insisted that the check had no value, and therefore the plaintiff sustained no damage by the action of the defendant. The answer to this is that the bank offered to pay the plaintiff $200 for the check. Again, it cannot be held that the check was of no value because non constat that it was available for an action thereon against the defendant. While not money, a check is a thing of value. Hunter v. Wetsell, 84 N. Y. 549, 38 Am. Rep. 544. It represents a certain sum of money which the drawer of the check intends that the payee shall in fact have (Pickslay v. Starr, 149 N. Y. 432, 44 N. E. 163, 32 L. R. A. 703, 52 Am. St. Rep. 740), and an action of trover can be maintained for its conversion. Lawatsch v. Cooney, 86 Hun, 546, 33 N. Y. Supp. 775, and cases cited. We think defendant's action was a conversion, and nothing else, and that the damages are the value of the check converted.

In Potter v. Bank, 28 N. Y. 641, 86 Am. Dec. 273, Thayer v. Manley, 73 N. Y. 305, and Griggs v. Day, 136 N. Y. 152, 32 N. E. 612, 18 L. R. A. 120, 32 Am. St. Rep. 704, it was held that in an action to recover damages for the conversion of a promissory note, the amount appearing to be unpaid thereon at the time of the conversion is prima facie the measure of damages, but that the defendant has the right to show in reduction of damages the insolvency

of the maker, or any fact, to invalidate or affect the value of the note. Our conclusion is that the learned county judge erred in dismissing the complaint.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.