[No. 5108.]
[No. 2690 C. A.]

Mitchell et al. v. Pearson.

1. Pleading—Demurrer.

Demurrers based upon special grounds which fail to point out what are the alleged defects should be disregarded.

2. Same—Former Suit Pending.

A demurrer to a complaint on the ground of a former suit pending is not good where the complaint on its face shows that a former suit is pending between some of the parties to the action, but does not allege that the same cause of action or even the same subject-matter is involved.

3. Pleading—Demurrer—Quieting Title.

In a suit to quiet title if the complaint contains enough to warrant a decree quieting plaintiff's title after eliminating therefrom objectionable allegations as to defects in defendant's title, a general demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action should be overruled, although the allegations as to defendant's title are insufficient for the purpose intended.

4. Quieting Title—Tender.

Where before bringing suit to quiet title plaintiff made defendant a conditional tender of a certain sum of money which was refused by defendant and the condition was never accepted or complied with, and plaintiff afterwards obtained a decree quieting his title, defendant was not entitled to a judgment against plaintiff for the sum tendered.

5. Appellate Practice—Record—Evidence.

Where none of the evidence upon which a decree was based was brought up in the record, the appellate court will assume that it was sufficient to support the decree.

*Appeal from the District Court of Arapahoe County:
Hon. P. L. Palmer, Judge.*

Mr. GEORGE W. TAYLOR and Mr. W. C. MITCHELL,
for appellants.

Mr. JOSHUA GROZIER, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court.

From a casual inspection of the complaint it
might not be easy, because of its prolixity, ambiguity
and repetitions, to characterize this action; but a
careful examination of its contents discloses the
object of the pleader to be to state a cause of action
to quiet title to real estate which, as against a gen-
eral demurrer, we think is sufficiently manifested.
There are in the complaint express allegations which,
in connection with the necessary implications there-
from, show that plaintiff is the owner and in posses-
sion of real estate of which she claims the fee, and
that defendants assert a hostile title thereto, which
the plaintiff demands that defendants shall set forth
and have the title quieted. Plaintiff goes beyond the
necessities required in a case of this kind and, antici-
pating the defense, assumes to set forth the character
of defendants' title, and proceeds to point out various
defects therein which, if true, would make it invalid.

To this complaint a demurrer was interposed
upon the grounds: A cause of action is not stated
therein; a former suit pending; a nonjoinder of par-
ties plaintiff and misjoinder of parties defendant;
and that the same is ambiguous, unintelligible and
uncertain. All of the special grounds of demurrer
must be disregarded, for there is an entire failure
to point out what are the alleged defects. The point
that the complaint on its face shows a former suit
pending is not good. It appears therefrom that a

former suit was at the time pending between some of the parties to the action, but there is no allegation that the same cause of action or even that the same subject-matter is involved. The objection that the complaint does not state facts sufficient to constitute a cause of action is untenable. Even if the defects in defendants' title which the complaint specifies should be held insufficient for the purpose intended, these allegations may be entirely eliminated, and there is enough left in the complaint to warrant a decree quieting plaintiff's title, if supported by sufficient evidence.

This demurrer in its entirety was properly overruled by the court. Time was then given defendants to answer, and having neglected to do so, their default was entered, and the court proceeded to hear evidence of the plaintiff, and having found therefrom that all of the material allegations of the complaint were sustained, rendered judgment quieting title to the property in her.

We think there is no merit whatever in this appeal. The only point worthy of consideration is insufficiency of the complaint, but the foregoing sufficiently shows that it is good as against that attack.

It is contended, however, upon oral argument that the record shows a tender of a certain amount of money to the defendants by the plaintiff, and that it was error for the court not to render judgment in defendants' favor for the sum thereby admitted to be due. The abstract does not disclose the nature of the tender, but by referring to the transcript we find that it was conditional, was made before suit and refused by defendants, and the condition was never accepted or complied with, and therefore it would have been improper to render judgment in favor of the defendants therefor.

None of the evidence upon which the decree was based is brought up in the record. For the purposes of this review, therefore, we must assume that it was abundantly sufficient in all respects to support the decree, and to affirm it, as we do, we are authorized to indulge every reasonable presumption not contradicted by the record itself in favor of the action of the court below.    *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.