[No. 5962.]

### Colburn v. Dortic et al.

1. **Pleading—Replication—Effect—**Matter in avoidance alleged in the reply is to be taken as controverted (code sec. 71). To accept as true, without any evidence of its truth, a reply alleging a prior action pending in another court, and, passing by other issues of fact raised by the pleadings, to give a decree in favor of the plaintiff is error.—(93)

2. **Quieting Title—Plaintiff's Allegations as to Defendant's Claims—Effect—**The defendant is not concluded by the allegations of the complaint as to his claims. He may entirely repudiate the title asserted for him by the complaint, and present any and every other title of which he may be possessed.—(94)

3. ——**Defendant Must Plead His Title,** or be forever barred of asserting it.—(94)

4. ——**Prior Action by Defendant—Effect—**The defendant is not to be precluded from asserting his claim of title by the pendency of a prior action in ejectment instituted by his predecessor, asserting the same right. Especially is this so where the parties in the two actions are not identical, and the relief which may be awarded in the latter action must be essentially variant from any which can be obtained in the former.—(94, 95)

*Appeal from Lake District Court*—Hon. Frank W. Owers, Judge.

Mr. L. M. Goddard, Mr. H. R. Pendery and Mr. A. S. Blake for appellant.

Messrs. Baldwin & Boston and Mr. George R. Elder for appellees.

Mr. Justice Musser delivered the opinion of the court:

The plaintiffs below (who are appellees here)

filed their complaint against the defendants, Lizzie A. Colburn (the appellant here) and W. H. Colburn, alleging, in substance, that the plaintiffs were the owners in fee and in possession of an undivided three-fourths interest in the Kathleen Lode Mining Claim, derived, through various conveyances, from original locators; that in August, 1891, a United States patent had issued for the claim; that the defendants, without any right, claimed an undivided thirteen-twentieth of the claim, being a part of the interest claimed by the plaintiffs; that the claim of the defendants to a thirteen-twentieth was based upon a sheriff's deed, which was void and of no effect, and praying that the defendants be required to set forth the nature of their claim, and that all adverse claims of the defendants be determined; that the title of plaintiffs to their alleged three-fourths interest be quieted; that the pretended title of the defendants be adjudged to be a cloud upon the title of the plaintiffs and be declared void; and that the defendants be debarred and enjoined from asserting any claim whatever in or to the mining claim. It is recited in the abstract that to this complaint the defendants interposed a plea in abatement on account of a prior action pending in the county court for the same cause and between the same parties and their grantors. This plea is not set out in the abstract. It was withdrawn by leave of court. The defendant Lizzie A. Colburn filed her separate answer, alleging, in substance, that she was the owner and entitled to the possession of an undivided one-tenth interest in the mining claim, derived, through various conveyances, from McMullin, one of the locators, denying all the allegations of the complaint not admitted in setting out her alleged interest, and praying that the defendant be adjudged to be the owner and entitled to the possession

of a one-tenth interest; that her title thereto be quieted and for all other and further proper relief. From the allegations of the complaint and answer, it appears that McMullin never owned more than one-fifth of the claim, and that plaintiffs claim at least three-sixteenths from him. Under such a state of facts, defendant's alleged one-tenth must, in part at least, come out of the plaintiffs' alleged three-fourths. This action was in the court of appeals at one time on an appeal from a judgment in favor of the plaintiffs which was reversed. The court of appeals held that the complaint and answer constituted a sufficient complaint and answer in the action. *Colburn v. Dortic*, 18 C. A. 96. This is as true now as it was then. After the court of appeals had reversed the former judgment, the plaintiffs filed a reply to the separate answer of Lizzie A. Colburn, in effect denying all of its allegations and alleging the pendency of an action in ejectment in the county court of Lake County between William H. Colburn, the grantor of Lizzie A. Colburn, as plaintiff, and some of these plaintiffs and the grantors of others of them, as defendants, to recover the possession of the same one-tenth interest set forth in a separate answer of Lizzie A. Colburn. Thereafter, the present cause came on for trial in the district court. Without any testimony, or the offer of any, on motion of plaintiffs, the plea in the replication of another suit pending, was sustained, the separate answer dismissed, in effect it was again stricken out, and judgment entered as of default, that the plaintiffs have judgment as prayed for in their complaint against the defendants, which, in effect, adjudged the plaintiffs to be the owners of a three-fourths interest in the mining claim and quieted this title in them as against the defendant, and which would deprive the defendant of the greater portion,

at least, of the one-tenth interest claimed by her. Assuming, for the moment, that the plea in the replication of another suit pending was good, if proven, there was a complaint, answer and replication raising issues of fact. The parties were in court ready to try those issues. At the beginning of the trial, without any evidence, the replication, though controverted under the provisions of the code, was taken to be true, the answer stricken, the allegations of the complaint taken as confessed and judgment rendered as prayed for. Such, in substance and effect, were the proceedings in this case. It is superfluous to say that such proceedings are unknown to the practice in this state. The alleged pendency of another action in the county court has been the cause of the buffeting of this action between the district and appellate courts for many years, and its effect should be determined. This action is what the court of appeals said it was, an action to quiet title in the plaintiffs to an undivided three-fourths interest in the Kathleen Lode Mining Claim. The plaintiffs alleged that they are the owners and in possession; that the defendants claim an adverse estate and ask that the defendants be required to set forth the nature of their claim; that all their adverse claims be determined; that the title of the plaintiffs to an undivided three-fourths be quieted and that the defendants be forever enjoined and debarred from asserting any claim to the Kathleen Lode Mining Claim. It is true the complaint alleges that the defendants claim an undivided thirteen-twentieth under a sheriff's deed, and ask that that be canceled, but their complaint covers the entire three-fourths interest claimed by them and seeks to have this entire three-fourths confirmed in them. The complaint sets out the alleged facts relative to the pendency of the very action mentioned in the replication,

and in an amendment to the complaint it is alleged that the action was abandoned. In response to this complaint, the defendant, Mrs. Colburn, came into court. It was incumbent upon her to set forth the adverse title or claim upon which she relied and have it determined, or else be forever cut off.—*Burton v. Huma,* 37 Fed. 738. She made no claim under the sheriff's deed, and the plaintiffs cannot confine her to that title when they seek to have all her claims determined. The purpose of plaintiffs in bringing the present action was to have the adverse claims of defendant set forth and determined. This action was of the plaintiff's own seeking. They brought it in the face of the fact that there was an action in the county court, and alleged that the latter action had been abandoned. In the light of all these circumstances, the plaintiffs ought not now be permitted to say that because of the pendency of the action in the county court the defendant shall not do what they have required of her, or that her claim shall not be determined when they brought this action for that very purpose. Furthermore, the action alleged to be pending in the county court is different from the present one in several particulars. W. H. Colburn, alone, was plaintiff in the county court, while he and Lizzie A. Colburn were defendants in the district court; some of these plaintiffs were defendants in the county court, and others of these plaintiffs were not parties. Patrick Mulrooney, who, according to the allegations of the complaint in this action, is the owner of an undivided one-fourth interest in the mining claim, was a defendant in the county court and was not a party in the district court. The action in the county court was one in ejectment and this is one to quiet title. By the pleadings, it is seen that when the suit in the county court was begun in 1881, a United States patent had

not issued for the mining claim. Such a patent issued in 1891 and entirely excluded the two defendants in this action, so that the relief to be given, Lizzie A. Colburn in this action, if she is entitled to any, is essentially different from what was to be given W. H. Colburn in the action in the county court. All these differences taken together, as they appear in this action, are certainly sufficient to demonstrate that the pendency of the action in the county court can have no effect upon the right of the defendant, Lizzie A. Colburn, to set forth her interest in the mining claim and to have such interest determined in this action.—*Bolton v. Landers,* 27 Cal. 104; *Ayers v. Bensley,* 32 Cal. 620; *Paige v. Wilson,* 8 Bosw. 294; *Pratt v. Howard,* 109 Iowa 504; *Walsworth v. Johnson,* 41 Cal. 61; *Thorne v. Towanda Tanning Co.,* 15 Fed. 289; *Radford v. Folsom,* 14 Fed. 97.

The judgment is, therefore, reversed, and the cause remanded for trial in accordance with the views herein expressed. *Reversed and remanded.*

Mr. Justice Gabbert and Mr. Justice Hill concur.