## No. 11,495.

## ARAKAWA, ET AL. v. CO-OPERATIVE FARMERS' EXCHANGE.

### Decided February 28, 1927.

Action for accounting and appointment of a receiver. Judgment of dismissal.

### *Affirmed.*

1. ACTIONS—*Defense—Another Suit Pending.* Where a marketing association brought suit to compel certain of its members to comply with their contracts concerning delivery to it of produce, and thereafter in another court the defendant members brought suit against the association for accounting for proceeds for produce already delivered, the first suit being pending, was a bar to the second action.

2. INJUNCTION—*Accounting.* In an action for injunction by a marketing association to compel its members to deliver produce to it under their contracts, claims of members under an accounting for produce already delivered could be determined in the same action.

3. ABATEMENT—*Another Suit Pending.* A plea in abatement on the ground of another suit pending, to be good, must show the identity of causes in the two actions.

4. EQUITY—*Questions to be Determined.* Where a court of equity has obtained jurisdiction of a cause for any purpose, it will retain it generally until complete justice is done.

5. *Practice.* It does not comport with good practice to permit a court of co-ordinate jurisdiction to interfere with another court whose jurisdiction of the subject and parties is prior in time, and when in the former suit all of the relief to which plaintiff in the second suit is entitled may be fully awarded.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Messrs. ALLEN, WEBSTER & DRATH, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS action by the plaintiffs in error, as plaintiffs below, holders of life membership in the defendant Co-operative Farmers' Exchange, a corporation, is for an alleged wrong sustained by them at its hands, in that the exchange has failed to pay to them the full proceeds of a sale of their cabbage to which, under a co-operative marketing contract of the parties, they were entitled; such products having been sold by the defendant at a much greater price than the amount it accounted for as gross proceeds. The defendant corporation first filed its motion to change the place of trial or to dismiss the action. The court dismissed the action and thereafter, on the application of the plaintiffs, set aside its dismissal judgment, apparently because the real defect in the complaint was not the subject of a motion, but of a demurrer or answer. Thereafter the defendant company filed a demurrer to the complaint, only the first three grounds of which are material on this review. (1) The court has no jurisdiction of the subject matter of the action, jurisdiction being in the district court of Weld county, Colorado; (2) there is another and prior action pending in the district court of Weld county between the same parties for the same cause, that is, upon the same subject matter relating to the same questions and based upon

the same correlative and reciprocal rights, obligations and duties between the defendant exchange and the plaintiffs in connection with their membership in, and their several contracts with, the exchange, and the legal effect and consequences thereof; (3) the object and purpose of the action is to secure relief from an injunction order of the district court of Weld county now in full force and effect made and entered by that court in the cause there pending and undisposed of. The court sustained the demurrer and in its ruling said that it considered only these three grounds, disregarding several other grounds set up in the demurrer. Plaintiffs are here with their writ of error to the final judgment dismissing the complaint.

The object of the action now under review is fairly stated in the prayer of the complaint which is that an accounting be had between the plaintiffs and their associates, and the defendant exchange, of the receipts, disbursements and business of the exchange during the years 1924 and 1925, and that a receiver be appointed to take charge of the company's books and business pending the accounting, and that if it should appear therefrom that the exchange has converted to its own use the money of plaintiffs and their associates, that a judgment be rendered against the exchange therefor. The complaint charges generally that the defendant exchange is a corporation organized under the Co-Operative Marketing Act, that the plaintiffs and their associates hold life memberships therein, that, as the result of a marketing contract between the parties, so providing, plaintiffs were obliged to deliver to the exchange for sale and for an accounting of the net proceeds of sale of the cabbage which they produced and delivered during the life of the contract; that certain controversies between the parties arose; that plaintiffs and associates assumed to withdraw from membership in, and to sever their connection with, the exchange, whereupon the exchange brought

a suit in equity in the district court of Weld county against them to compel them to carry out their contract and obtained a temporary writ of injunction commanding the plaintiffs here, defendants there, to deliver the cabbage, and although plaintiffs did not then, and do not now, concede the justice of the court's order, nevertheless, to save costs and for other reasons, they proceeded to comply with the mandatory order and delivered to the defendant exchange for sale the cabbage which they had grown and the same was sold by the defendant exchange, but it failed and neglected to pay and turn over to the plaintiffs the net proceeds thereof. These facts, as to the Weld county suit, appear in the complaint. Although the action in the Weld county district court is still pending and undisposed of, the plaintiffs brought their action now under review in the district court of Adams county against the exchange alleging general mismanagement and dishonesty on its part in conducting its business and in the sale and disposition of the cabbage as above stated. The complaint further alleges specifically that it seeks an accounting between the parties of the business of the exchange with the plaintiffs, asks for a receiver pending the action and for a money judgment for whatever balance might be due to them as already indicated.

The defendant in error exchange has not entered its appearance in this court and we are without the benefit of assistance from its counsel but we think the judgment of the trial court was right as we proceed to show. Learned counsel for plaintiffs in error say that the subject matter of the suit in the Weld county district court, in which the exchange is the plaintiff, is the delict of the defendants there and others similarly situated, plaintiffs here, in failing to comply with their contracts and that the relief sought is not only injunction to restrain, but specific performance of the co-operative marketing contract. They further say that the subject matter of the case in the district court of Adams county now under

review is the delict of the defendant in this case, the exchange, plaintiff in the Weld county case, and the relief sought is to compel an accounting and to secure a money judgment on such sum as shall be found due them, as net sale proceeds, and for a receiver pending the action. Their main proposition, urged with ability and plausibility, is that the plaintiffs in error here, plaintiffs below, and defendants in the Weld county action, were not required in the Weld county action, although they might have done so, to ask for any affirmative relief to which they might have been entitled, but might well content themselves with purely defensive matter to the complaint in that action; and in a subsequent action, for the same wrongs, and between the same parties, such as the present one, they may ask for and obtain such affirmative relief by way of accounting and a money judgment for failure of the defendant exchange to pay for the net proceeds of the cabbage sold. They rely upon *Williams v. County Commissioners,* 48 Colo. 541, 543, 111 Pac. 71; *Mitchell v. Pearson,* 34 Colo. 278, 82 Pac. 446; *Colburn v. Dortic,* 49 Colo. 90, 111 Pac. 837; and *Ayres v. Bensley,* 32 Cal. 620. The Colorado cases are not in point. In all of them the parties to the two actions were not the same, and the subject matter of the cross suits was distinct and separate and not identical. In the Ayres case from California the court made the general announcement, which is not disputed, that the defense of the pendency of another action is not available unless, among other things, the causes of action and the plaintiffs, at least, in both actions are the same, and the court also held with respect to affirmative relief as already indicated. The Supreme Court of California, in *Coubrough v. Adams,* 70 Cal. 374, 11 Pac. 634, wherein it was held that the defense of a prior lis pendens usually applies only when the plaintiff in both suits is the same person, and both are commenced by him, and not to cases where there are cross-suits by a plaintiff in one suit who is defendant in the other, is not authority in a case like the

present, a case for an accounting, since both parties in an accounting suit are to be regarded as actors. The complaint in this action discloses that the wrong which the plaintiffs say the exchange has inflicted upon them consists of mismanagement and general dishonesty in conducting the business which under the contract of the parties the exchange engaged to transact for the plaintiffs and their associates in the marketing and selling of their cabbage, resulting in its failure to pay over to the plaintiffs the full amount of such sales to which they were entitled. The object of the action in the Weld county case was to compel compliance by plaintiffs and their associates with the marketing contract into which they had entered with the exchange, and which the plaintiffs had refused to perform. The order of the Weld county court directed the plaintiffs to deliver the cabbage to the exchange for sale and the plaintiffs complied with the order by making delivery. This order necessarily imposed upon the exchange the reciprocal or correlative duty of paying to the plaintiffs the net proceeds of the sale. It compelled not only the plaintiffs to make delivery, but it necessarily included a correlative duty of the exchange to pay to plaintiffs net proceeds of sales. The Weld county action is still pending and undisposed of. Even if an accounting was not there specifically demanded, in the nature of things, under the pleadings and the facts there present, an accounting was necessary in order for the exchange to know what sum of money it should pay to its members. The two actions are between the same parties, and in all substantial respects are for the same subject matter and ask for practically the same relief. Beginning of the second action was not only unnecessary, but in its nature was vexatious, and the demurrer of the exchange on the ground of the former action pending was well taken and properly sustained by the trial court. All the ultimate relief which the plaintiffs in the Adams county court are entitled to is the net proceeds of the sale by the defendant exchange of

their cabbage. It was not necessary for the plaintiffs in this action, defendants in the Weld county action, to file a counterclaim or cross-complaint for affirmative relief in the first action in order to obtain an accounting there, but the accounting, in which both parties are actors, could be had upon the pleadings as they then stood, particularly since the defendants in that action, the plaintiffs here, consented to carry out their contract with the exchange, although they did not consider themselves members.

The demurrer of the defendant exchange in this action is in the nature of a plea in abatement at the common law. Such a plea to be good must show the identity of the causes in the two actions and of the issues therein. A valuable discussion of abatement is found in 1 C. J. p. 26 et seq., and authorities are there collected which clearly show that the demurrer in this case was properly sustained. At page 67, sec. 84, the author says that where the matter of the second suit is collateral to the matter of the first, although not embracing so much, a plea of former suit pending is good. Citing *Dickinson v. Codwise,* 4 Edw. Ch. (N. Y.) 341. At section 83, it is said that one of the tests, in determining whether or not the causes of action are the same for the purpose of abatement by reason of the pendency of a prior action, is the following: "Was full and adequate relief obtainable in the prior action? If so the second action was improperly brought and is abatable." Can there be any doubt that the action in the Weld county court for an accounting which was demanded there and which, even if not demanded, the court would be obliged to make at request of defendant there, did not afford full and adequate relief to the plaintiffs in this action? And would not that court, had the evidence demanded it, require the exchange to pay the full net proceeds of the sales of the cabbage which the plaintiffs in this action, defendants there, had delivered to it? In this same section 83

the author says that the second suit need not be for the whole matter embraced by the first, but it is sufficient to sustain the plea if the whole effect of the second suit is obtainable by the first. See also section 86. In section 87 the author says that if, in the first suit, the full relief of all that is obtainable in the second suit can be awarded, that makes the plea good. See also section 93, p. 72; section 107, pp. 82, 83. The author says in section 107, that while in most jurisdictions the general rule is that abatement does not lie to a second suit, unless plaintiff in both cases is the same person and both suits are begun by him, and not to cases in which there are cross-suits by a plaintiff in one suit who is a defendant in the other, yet in other jurisdictions the rule is otherwise and in still others there are exceptions. We have already cited the case from 70 California that this general rule does not apply to an action for an accounting where both parties are deemed to be actors. Moreover, it is a general rule which is recognized in *Reitze v. Humphreys,* 53 Colo. 177 (125 Pac. 518), at page 186, that where a court of equity has obtained jurisdiction of a case for any purpose, it will retain it generally until complete justice is done. The same rule is announced in *Coal Co. v. Coal Co.,* 24 Colo. 116, 122, 48 Pac. 1045, where this court says that, having obtained jurisdiction for one purpose, a court of equity retains jurisdiction for the purpose of settling all the rights of the parties plaintiffs and defendants. The subject matter of these two actions is substantially the same; the causes of action are the same in these two suits; the parties are the same; both actions are equitable in their nature; precisely the same relief which the plaintiffs in the second action, plaintiffs in error here, claim they are entitled to, could be awarded in the first action without any affirmative plea by them as defendants there. There was no necessity for the second suit. Even if the Adams county court had jurisdiction of the subject matter of the action before it, it does not comport with good practice to permit a court

of co-ordinate jurisdiction to interfere with the jurisdiction of another court whose jurisdiction of the subject and of the parties is prior in time, and when, in the former suit, all the relief to which plaintiff in the second suit is entitled may be fully awarded. This judgment is therefore affirmed.