## Pierce and others vs. Covert, imp.

PARTNERSHIP: DISSOLUTION: REAL ESTATE. *How real property to be disposed of on decreeing a dissolution, where title was taken by the partners in their individual names, and the undivided share of one conveyed to a stranger; there being other assets sufficient.*

1. As a general rule, so far as the partners and creditors of a firm are concerned, real estate of the partnership is in equity deemed mere person-

alty; and in case of a dissolution, it is often decreed to be sold, as a proper method of ascertaining its value and making an equal distribution of the partnership effects.

2. But where partners have taken title to real estate as tenants in common, and all debts due to third persons and between themselves have been discharged, and an equal distribution of the assets can be made without a sale of the real estate, such a sale need not be ordered on a dissolution, unless it appears that such an order would be most beneficial to the partners.

3. In this action for the dissolution of a partnership, it appeared that the assets in money, notes and accounts were much more than sufficient to pay all debts, and that title to real estate of the firm had been taken by the partners in their individual names as tenants in common; that one of the partners was dead, and his personal representatives, heirs and widow are made parties to the action; and that another of the partners had conveyed his undivided third of the real property, to one G. C., not a member of the firm, who is made defendant. The complaint alleges that the real estate cannot be divided without great prejudice to the owners, but there is no pretense that a sale is necessary for an equal distribution of the assets. *Held*, that the court erred in ordering G. C. to convey his undivided one-third of the real property to the receiver appointed in the action.

4. An action for the dissolution of a partnership and a settlement of its affairs should not be complicated by proceedings therein for the partition of real property.

APPEAL from the Circuit Court for *Rock* County.

The complaint in this action asked for a dissolution of a copartnership (between the defendant Augustus Covert, and the plaintiffs or those whom they represent), the appointment of a receiver, and the division and settlement of the partnership property. The defendant *George Covert* made no answer to the complaint, but filed an affidavit setting forth, in substance, that before the commencement of the action he had purchased of the defendant Augustus Covert his undivided one-third interest in the real estate named in the complaint, making such purchase in good faith, and with no intent to defraud, and that it would cause him great injury to compel him to convey the property to a receiver. Subsequently an order was made by the court requiring *George*

*Covert* to show cause why he should not convey said real estate to the receiver who had been appointed. On the hearing of this order, he filed another affidavit, alleging the same facts, and also that he believed the plaintiffs were endeavoring indirectly to obtain for their own benefit and for less than it was worth, the interest owned by him; and further, that the firm composing the copartnership were solvent and out of debt, and had a large amount of money on hand. The court ordered said defendant to convey to the receiver the property in controversy, and that the same be sold at public auction according to the practice of the court. From this order *George Covert* appealed.

The evidence is sufficiently stated in the opinion.

The cause was submitted by both sides on briefs.

*Bennett & Sale,* for appellant:

1. The real estate in question, having been purchased by the partners with partnership funds and conveyed to them in such manner as to make them tenants in common (Tay. Stats., 1127, §§ 44, 45), must be considered at law as their *several property,* though it may be subject to a trust by which it is liable to be applied *if necessary* to the payment of the partnership debts. *Peck v. Fisher,* 7 Cush., 386; *Bird v. Morrison,* 12 Wis., 138. In this case the proof was clear that there were no firm debts. 2. There was no evidence that the appellant knew that the land had been purchased with partnership property; and he was a *bona fide* purchaser. *Shufeldt v. Pease,* 16 Wis., 659; *Hiscock v. Phelps,* 49 N. Y., 103; *Buchon v. Sumner,* 2 Barb. Ch., 165. 3. The action cannot be turned into one of partition. A complaint for an accounting, as in this case, and for a partition of real estate, would be multifarious. *Ketchum v. Durkee,* 1 Barb. Ch., 480; *Buckley v. Buckley,* 11 Barb., 43; *Coles v. Coles,* 15 Johns., 159; *Balmain v. Shore,* 9 Ves. Jr., 500; *Thornton v. Dixon,* 3 Brown C. C., 199.

*Cassoday & Carpenter,* for respondent:

1. It cannot be claimed that *George Covert* is a *bona fide* purchaser without notice, from Augustus Covert. From his relationship to the parties, and the knowledge which he was shown to have of their transactions, he will be *presumed* to have had notice. *Tillinghast v. Champlin*, 4 R. I., 173; *Wicke v. Lake*, 21 Wis., 412–413; *Warner v. Fountain*, 28 id., 405; *Wickes v. Lake*, 25 id., 71; *Cavender v. Bultul*, 29 L. T. R. (N. S.), 710. He has put in no answer, and made no proof that he was a *bona fide* purchaser. *Boone v. Chiles*, 10 Peters, 211–212; *Thomas v. Stone*, Walker's Ch. (Mich.), 117; *Warner v. Whitaker*, 6 Mich., 133. Even where a person is a *bona fide* purchaser without notice, courts of equity will control and dispose of so much of the purchase money as remains unpaid. *Wynn v. Carter*, 20 Wis., 107, and cases last above cited. Real estate bought with partnership funds and used in partnership business will be treated in equity as partnership property, and is liable to be administered as such in winding up the affairs of the firm. *Phillips v. Phillips*, 1 Mylne & K., 649, 663; *Broom v. Broom*, 3 id., 443; *Houghton v. Houghton*, 11 Sim., 491; *Mauck v. Mauck*, 54 Ill., 281; *Moran v. Palmer*, 13 Mich., 367, 377; *Collumb v. Read*, 24 N. Y., 509, 510; *Meily v. Wood*, 71 Pa. St., 488; *Fowler v. Bailey*, 14 Wis., 125; *Dyer v. Clark*, 5 Met., 562; *Howard v. Priest*, 5 id., 582. The later English cases even hold that real estate belonging to the firm is in equity absolutely converted into *personalty* for all purposes. *Darby v. Darby*, 3 Drewry, 505; *Essex v. Essex*, 20 Beav., 442; *Morris v. Kearsley*, 2 Young & Coll., Ex., 139; *Cornwall v. Cornwall*, 6 Bush (Ky.), 372; *Bank of Louisville v. Hall*, 8 id., 678; *Pierce v. Trigg*, 10 Leigh, 406. 2. The rule is that all the partnership property be converted into cash by a sale, and the proceeds thereof, after the payment of the partnership debts, be divided. This is especially true as to real estate which is so situated that it cannot be divided, nor used in severalty. 2 Van Santv. Eq. Pr., 201; Story on Part., 207–350;

*Darby v. Darby, supra.* 3. All persons who have an interest in having the firm control the assets, must be made parties. *Webb v. Helian,* 3 Rob. (N. Y.), 625; *Hayes v. Hayes,* 4 Sandf. Ch., 485; 2 Van Santv. Eq. Pr., 186; *Walkenshaw v. Perzel,* 32 How. Pr., 233. This being so, the rights of *George Covert* must be determined in this suit. 4. Where partners disagree, it is almost a matter of course to appoint a receiver. 1 Van Santv. Eq. Pr., 392; *Jackson v. De Forest,* 14 How. Pr., 81. The same rule prevails between the representatives of the deceased partner and the surviving partner. 1 Van Santv. Eq. Pr., 393; Collyer on Part., § 135; Edwards on Receivers, 309–329. A receiver will be appointed of real estate held in severalty, if treated as partnership property, and he may obtain possession by suit. Edwards, 336; *Smith v. Danvers,* 5 Sandf. S. C., 669; 2 Van Santv. Eq. Pr., 217, 218; 1 id., 459, 460. 5. The property should be applied upon Augustus Covert's indebtedness to the firm, in preference to his indebtedness to his brother *George Covert. Jackson v. Cornell,* 1 Sandf. Ch., 348; *Wilson v. Robertson,* 21 N. Y., 587. And the cases cited by appellant's counsel do not establish a different rule. 6. The court has jurisdiction of the action and the parties, and may retain such jurisdiction for the purpose of making a partition. Courts of equity have assumed a general concurrent jurisdiction with courts of law in cases of partition. 1 Story's Eq. Jur., §§ 646–658; *Deery v. McClintock,* 31 Wis., 195. Such jurisdiction existed prior to the statute, and the statute merely cumulates the remedy. *Patton v. Wagner,* 19 Ark., 233; *Spitts v. Wells,* 18 Mo., 471; *Whitten v. Whitten,* 36 N. H., 332; *Wright v. Marsh,* 2 G. Greene (Iowa), 94. 7. The complaint contains all that is required by our statutes, and all necessary persons are made parties. R. S., ch. 142, secs. 1, 2, 5, 22, 33, 59 and 60. It is in the discretion of the court whether sufficient proofs have been made, and whether the case is a proper one to allow partition or sale. *Howell v. Mills,* 56 N. Y., 226; *Wright v.*

*Marsh, supra.* 8. The objection that several causes of action were improperly united, could only be taken by demurrer or answer. Secs. 5 and 9, ch. 125, R. S. Moreover it is a well established rule, that when a court of equity has taken jurisdiction for one purpose it will retain it and do complete justice between all the parties. 1 Story's Eq. Jur., § 64; *Rathbone v. Warren*, 10 Johns., 595; *King v. Baldwin*, 17 id., 388; *Prescott v. Everts*, 4 Wis., 319; *Hamilton v. Fond du Lac*, 25 id., 490; *Akerly v. Vilas*, 15 id., 401; *Phillips v. Gorham*, 17 N. Y., 274; *N. Y. Ins. Co. v. N. W. Ins. Co.*, 23 id., 359, 360.

COLE, J. It seems to us it would have been much better practice for the defendant *George Covert* to have answered the amended complaint, showing all the facts in regard to his purchase of the warehouse property as he has set them forth in his affidavits. He states in the first affidavit filed with the commissioner, that he was advised by his counsel that it was unnecessary for him to answer, and consequently he did not do so. But we think it would have been more regular and formal for him to have answered, instead of setting up his interest in the real estate by way of affidavit, as he did on the rule to show cause. No objection is taken to the informal way in which his rights or interests in the property are presented to the court; and they will therefore be considered as the record now stands.

The main facts of the case are undisputed. The action is for a dissolution of a partnership, and for a settlement and division of the property among those entitled to it. A receiver has been appointed to take charge of the property of the firm and to collect the debts. The firm was originally composed of Griswold Weaver, Henry Pierce and Augustus Covert; was formed in August, 1866, for the purpose of buying and selling live stock, grain and produce at Clinton, Rock county, under articles by which each partner agreed to furnish an

equal amount of capital stock and was equally interested in the profits and losses. The firm purchased real estate with partnership funds, and erected a warehouse thereon for the purpose of carrying on their business. The title was conveyed to the partners in their individual names; and they apparently and in fact held it as tenants in common. Weaver died in December, 1872, and his personal representatives, heirs and widow are made parties to this action. It abundantly appears that the firm is perfectly solvent; that it owes no debts; and that there will be assets of considerable amount to be divided among the partners, after paying all debts and the costs and expenses of this action. The defendant *George Covert* purchased in June, 1873, of Augustus Covert, the undivided third of the warehouse property, and took a conveyance thereof. This interest the circuit court ordered him to convey to the receiver, in order that it might be sold with other partnership property.

It is insisted and claimed by the counsel of *George Covert*, that this order was erroneous; that no good reason was shown for disturbing his title, or for compelling him to convey the interest which he has purchased and paid for, to the receiver. One partner, it is said, may sell and convey his interest in real estate owned and held by him with the other members of the firm as tenants in common, when the firm is out of debt and has money and personal property on hand, and when the partner selling his interest would owe the other partners nothing on a final settlement of the partnership account. But on the other hand it is claimed that where real estate is purchased with partnership funds for partnership use, it is treated in all cases in equity as personal property, not only for the purpose of paying the debts of the firm and adjusting the equities of the partners as between themselves, but also for the purpose of distributing the proceeds among those entitled to them.

The general rule doubtless is, that so far as the partners

and the creditors are concerned, real estate belonging to the partnership is in equity deemed as mere personalty; and in case of dissolution it is often decreed to be sold as a proper way to ascertain its value, and in order that an equal distribution of the partnership effects may be made. But we do not understand the rule to be inflexible, that a court of equity always decrees the sale of real estate purchased with partnership funds for parnership purposes, on winding up the concern. The circumstances of some cases may be such as to render this entirely unnecessary. For example, where, as in this case, the partners have taken the title as tenants in common, and their interests in the real estate are precisely ascertained; where all the debts and obligations due to third persons and as between themselves have been paid and discharged; and where an equal distribution of the assets can be made without a sale of the real estate, — there it is not obvious why the court should order a sale on a dissolution of the partnership. True, it is said in some of the books that it is the right of any partner to insist on a sale of all the property on a dissolution; and this is ordinarily the course where it appears that it would be most beneficial for the interests of all the partners to do so. But we see no valid reason for adopting that course here. The complaint clearly treats the warehouse property as real estate held by the partners as tenants in common, and descending to the heirs of the deceased partner, subject to the wife's dower. It avers that the firm owed debts to only a small amount, and that there was property of $2,000 and upwards, consisting of money, notes and accounts belonging to the firm. True, there is an allegation that the real estate cannot be divided without great prejudice and injury to the owners thereof; but there is no pretense that the sale is necessary in order to make an equal distribution of the assets. And after treating the real estate standing in the name of the individual partners as subject to all the rules and incidents which govern such property and descending to heirs, it would

seem that the case presented no ground for interfering with or disturbing the title. The complaint clearly shows that the partner *Pierce*, as well as the heirs and representatives of the deceased partner, treat the warehouse property as not governed by the principles applicable to partnership property; so that, whatever might otherwise be the rule, there is surely no necessity for decreeing its sale as such in this action.

But it is suggested on the brief of counsel for the plaintiffs, that as the court has taken jurisdiction of the cause for the dissolution of the partnership and winding up its concerns, it should retain the cause for the purpose of making a partition of the real estate. It seems to us that such a practice would be anomalous. To attempt to convert the proceeding into one for the partition of real estate, would only serve to complicate the matter, and delay the final settlement of the partnership account.

*By the Court.* — The order of the circuit court requiring the defendants *George Covert* and *Jennette Covert* to convey the undivided one-third of the warehouse property to the receiver, is reversed, and the cause is remanded for further proceedings according to law.