William Olschewske v. Jesse King.

Decided June 14, 1906.

**1.—Possession as Notice—False Representations—Rescission.**

One who buys land in possession of another is charged, as to the rights of such possessor, with notice of his title, but is not precluded thereby, as against the vendor, from maintaining suit for rescission of the contract on the ground that he relied on false representations by the vendor as to his title and right of possession.

**2.—Same—Pending Suit—Estoppel.**

One contracting to buy land in reliance on false representations by the vendor as to his title and right of possession is not precluded from maintaining suit for the rescission of such contract, recovery of money paid, and cancellation of purchase-money notes, by the pendency of a suit against him and his vendor, by third parties, concerning the right to and possession of the land, nor by the fact that he did not set up in that suit his right to rescind.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Baldwin & Christian*, for appellant.—The court erred in holding that the plaintiff, Jesse King, could recover any sum whatever against this defendant prior to the final determination of the case of Summerville v. King. Pride v. Whitfield, 51 S. W. Rep., 1100; Mullins v. Wimberly, 50 Texas, 464; Barnet v. Vincent, 69 Texas, 688; Cameron v. Romele, 53 Texas, 242; Glendenning v. Bell, 70 Texas, 634; Smith v. James, 22 Texas Civ. App., 156; Houston & T. C. Ry. Co. v. Graves, 50 Texas, 202; San Antonio & A. P. Ry. Co. v. Griffin, 20 Texas Civ. App., 95; St. Louis, etc., Ry. Co. v. Moss, 9 Texas Civ. App., 7; Wolcott v. Hendrick, 6 Texas, 416; Henderson v. Morrill, 12 Texas, 3; Pitts v. Ennis & Reynolds, Admrs., 1 Texas, 605; Clegg v. Varnell, 18 Texas, 304; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 11.

Plaintiff King being charged with notice of the interest of the Summerville minors, he can not recover in this cause. Same authorities.

Plaintiff in this case was estopped to set up this action by reason of his connection with a former suit of Summerville v. King. Houston & T. C. Ry. Co. v. Graves, 50 Texas, 202; San Antonio & A. P. Ry. Co. v. Griffin, 20 Texas Civ. App., 95; Pitts v. Ennis & Reynolds, Admrs., 1 Texas, 605; Wolcott v. Hendrick, 6 Texas, 416; St. Louis, etc., Ry. Co. v. Moss, 9 Texas Civ. App., 7; Henderson v. Morrill, 12 Texas, 3; Galveston, H. & S. A. Ry. Co. v. Dowe, 70 Texas, 11; Clegg v. Varnell, 18 Texas, 304; Smith v. Power, 2 Texas, 68, 69.

*James R. Masterson*, for appellee.—Where the contract is executory, a vendor's lien being retained by the deed for the greater part of the consideration, the vendee who purchased relying on false representations as to title is not bound to pay in full the price and look to vendor's warranty, nor is he bound to await the result of litigation over the title to enable the vendee to acquire the title and put him in actual possession as promised. Moreland v. Atchison, 19 Texas, 308; Green v. Chandler, 25 Texas, 149.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant to rescind a contract of sale of land and to recover the money and cancel the notes given by him as consideration for the conveyance to him by appellant of said land.

The facts disclosed by the record are these: On March 10, 1903, appellant sold and conveyed to appellee lots 4 and 5 in block 21 in Castanie's Addition to the city of Houston, for a consideration of $1,250, of which $250 was paid in cash by appellee, and for the balance he executed his 67 promissory notes, 66 for $15 each and 1 for $10, payable respectively in from 1 to 67 months after date. The deed reserved a vendor's lien to secure the payment of the notes. Appellee purchased the property with the intention of making it his home. As an inducement to appellee to make the purchase appellant represented to him that he had a perfect title to the property and could and would place him in immediate possession, and but for such representation and promise appellee would not have agreed to buy the property.

At the time the contract of sale was made appellee knew that the property was in the possession of Mrs. Somerville and her minor children, but she was holding as a tenant of appellant and appellee had no actual knowledge of any title or claim on the part of said minors. Appellant failed to put appellee in possession of the premises as he agreed and promised to do and did not, in fact, own the property as he represented, but only had title to an undivided one-half interest therein.

Shortly after the execution of the deed the Somerville minors brought suit against appellant and appellee, claiming a one-half interest in the property in fee and the right to occupy the entire premises as a homestead so long as their guardian, with the permission of the County Court of Harris County, should so elect. The suit was tried in the District Court of Harris County on July 6, 1903, and judgment was therein rendered in favor of plaintiffs decreeing them title to one-half the property and the homestead rights claimed in their petition.

This judgment was appealed from and was affirmed by the Supreme Court insofar as it adjudged title in the Somerville minors to one-half of the property, but was remanded to the District Court for the adjustment of certain equities growing out of improvements. The suit of the Somerville minors had not been finally disposed of in the District Court at the time this cause was tried. Shortly after the judgment in favor of the Somerville heirs was rendered in the District Court the appellee herein tendered appellant a deed reconveying the property to him and demanded the return of the money and notes before mentioned. This demand was refused and thereupon this suit was instituted.

The petition in this cause alleged the facts above stated, in substance, and prayed for judgment for the $250, with interest from the date of its payment, and for the cancellation of the notes above described.

The defendant answered by general exception and general denial, and by special plea in which he set up the pendency of the suit by the Somerville minors and the knowledge of the plaintiff that said heirs were in possession of the premises at the time he purchased from appellant, and avers, "that by reason of the facts above set forth, the plaintiff is estopped from suing upon a warranty of title, and estopped from claiming that said title has failed, and by reason of the fact that plain-

tiff, when he bought said property, knew of the claim of the Somervilles thereto, and of the pendency of the suit hereinbefore mentioned, the plaintiff can not now maintain this suit, and is estopped from so doing." He also filed a cross-bill by which he sought recovery against plaintiff of the amount due upon the notes with interest and attorney's fee. The cause was tried without a jury and judgment rendered in favor of plaintiff for $296, and for rescission of the sale and cancellation of the notes.

The first and second assignments of error complain of the judgment on the ground that it is not supported by either the pleading or the evidence, in that the petition alleges and the findings of fact by the trial judge establishes that appellee knew at the time he purchased the property that the Somerville minors were in possession, and he was thereby charged with notice of any title or claim which they had to said property and will not be heard to say that he bought the property relying on the representation of the defendant and without knowledge of any adverse claim. There is no merit in these assignments.

The authorities cited by appellant and the doctrine of notice invoked by him in support of the assignments have no application in this case. It is well settled that one who buys land in possession of another will not, as to such possessor, be heard to say that he purchased without notice of the possessor's title, but is charged with constructive notice of whatever right or title the possessor has in the property, possession being as conclusive evidence of notice as is the registration of a deed under the statute. Under this rule appellee could not claim as against the Somerville heirs that he did not purchase with notice of their title, but it cannot be held as matter of law that because he was charged with notice of their title he could not have relied upon the representation of appellant that he owned the property and would put him in possession of it.

The trial court found that such representations were made by the appellant and were relied on by the appellee. There is no statement of facts in the record and the findings of fact by the trial court must be conclusively presumed to be supported by the evidence. We do not understand appellant to contend otherwise, but his contention is that because it appears from the petition and the findings of fact that appellee knew that the Somerville heirs were in possession of the property he can not, as a matter of law, be heard to say that he relied upon appellant's representation as to the title of the property. As we have before said, this contention can not be sustained.

The appellee was not required to set up his right to rescind the sale in the suit brought against him and appellant by the Somerville heirs and his failure to do so does not now estop him from asserting that right, nor is his right to maintain this suit affected by the fact that the former suit is still pending.

There is no finding by the trial court that appellee prosecuted an appeal from the judgment in favor of the Somerville heirs, and from the fact that shortly after the judgment in that suit was rendered in the District Court appellee tendered appellant a deed reconveying the property and demanded a rescission of the contract, the presumption is that he did not appeal from that judgment.

These conclusions dispose of all of the questions raised by the re-

maining assignments presented in appellant's brief and it is unnecessary to discuss them in detail.

We think the trial court's judgment should be affirmed and it has been so ordered.

*Affirmed.*

Writ of error refused.