WILKERSON v. FT. WORTH & D. C. RY. CO. (No. 7227.)

(Court of Civil Appeals of Texas. Dallas. Nov. 28, 1914. Rehearing Denied Jan. 2, 1915.)

1. ABATEMENT AND REVIVAL (§ 4*)—PENDENCY OF ANOTHER ACTION—REQUIRING ELECTION.

The doctrine that the pendency of a prior suit for the same cause is ground of abatement is not recognized in this state, and the utmost extent to which the court may go is to require plaintiff to elect which suit he will prosecute and to abandon the other and pay the costs of it.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 25–38; Dec. Dig. § 4.*]

2. ABATEMENT AND REVIVAL (§ 4*)—PENDENCY OF ANOTHER ACTION—REQUIRING ELECTION.

A court's authority to dismiss an action because of the pendency of a prior action for the same cause depends on plaintiff's refusal to elect which suit he will prosecute and to pay the costs of the abandoned suit, and, where a plea in abatement was determined upon the theory that the pendency of the prior suit ipso facto entitled defendant to a dismissal, and no opportunity to elect was given plaintiff, a dismissal of the suit was erroneous.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 25–38; Dec. Dig. § 4.*]

Error from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Mrs. Nellie Wilkerson against the Ft. Worth & Denver City Railway Company. Judgment dismissing the suit, and plaintiff brings error. Reversed and remanded.

B. Q. Evans, of Greenville, for plaintiff in error. Thompson & Barwise and J. M. Chambers, all of Ft. Worth, and Yates, Sherrill & Starnes, of Greenville, for defendant in error.

TALBOT, J. On October 9, 1909, the plaintiff in error, Mrs. Nellie Wilkerson, who will hereinafter be referred to as plaintiff, instituted suit in the district court of Tarrant county, Tex., against the defendant in error, the Ft. Worth & Denver City Railway Company, hereinafter referred to as defendant, to recover damages for personal injuries charged to have been inflicted upon her through the negligence of defendant on the 4th day of July, 1908, while a passenger on one of defendant's trains going from Memphis, Tex., to Childress, Tex. It was alleged, in substance, in said suit that the train upon

which plaintiff was traveling was so crowded she could not procure a seat, and was forced to stand on the platform of the coach; that the engine drawing the train was defective, and caused the engine and train to start and stop suddenly; and that because of such defect and sudden movement of the train, plaintiff was thrown against the door of the car and seriously and permanently injured. Plaintiff claimed damages in the sum of $25,000. The defendant answered, and upon a trial had January 16, 1912, before a jury, the plaintiff recovered judgment against defendant for the sum of $3,000. From this judgment the defendant appealed, and said judgment was reversed, and the cause remanded for a new trial. Thereafter, and while said cause was pending in the district court of Tarrant county, plaintiff instituted this suit in Hunt county, Tex., and alleged the same facts with respect to her injuries and the causes thereof as were alleged in said suit pending in Tarrant county, and, in addition thereto, charged that, after the reversal of the judgment obtained by her in the district court of Tarrant county, the defendant, acting by and through its authorized agents, by false and fraudulent representations made in Hunt county, Tex., procured from plaintiff for the sum of $350 a compromise of said suit pending in Tarrant county, and a written release of the cause of action and damages set up and claimed in said suit. She further alleged that her cause of action set forth in said Tarrant county suit was of the value of $25,000, and prayed as follows:

"Wherefore, plaintiff prays that the defendant be cited to answer this petition; that on final hearing she have a judgment setting aside, canceling, and holding for naught the said written release; and that she be entitled to recover of and from the defendant the sum of $25,000, same being the reasonable, fair value of said cause of action, which plaintiff was caused and induced to release on account of the defendant's false and fraudulent representations to her, and by reason of the facts alleged in this petition, setting forth her injuries caused by the negligence of the defendant, the same being the reasonable value of her said cause of action which she was fraudulently induced to surrender at the date and under the circumstances above set forth; and for costs of suit and relief both general and special, as in law and equity she may be entitled."

The defendant appeared in this suit and pleaded in abatement thereof the pendency of plaintiff's said suit in Tarrant county. This plea was heard February 9, 1914, and, upon the conclusion of the evidence offered in its support, was by the court sustained and plaintiff's suit dismissed. From this order and judgment of the court plaintiff prosecutes this writ of error, and contends:

(1) That the court erred in sustaining the defendant's plea in abatement, "because the undisputed evidence shows that the suit pending in Tarrant county was and is not the same as this suit pending in Hunt county, but was entirely different, in that the cause of action set up in the plaintiff's petition in the suit pending in Tarrant county is a suit for damages for personal injuries sustained on the 4th day of July, 1908, while a passenger on one of the defendant's passenger trains between Childress and Memphis, Tex., caused by the negligence of the defendant, its agents and servants, as alleged in said petition, claiming the sum of $25,000, while the cause of action set up in the petition in this cause is a suit to set aside, rescind, and cancel a certain written release and contract executed by plaintiff on the 17th day of December, 1912, in Hunt county, whereby, in consideration of the sum of $350, the plaintiff released and surrendered to the defendant in full the cause of action set up in the petition in the suit pending in Tarrant county, Tex., alleging that she was induced to sign and execute said release by the false and fraudulent representations of the duly authorized agents of the defendant, the Denver City Railway Company, which fraud was alleged to have been committed in Hunt county, and claiming the sum of $25,000, alleging the same to be the reasonable value of the cause of action which plaintiff was caused and induced to release on account of the defendant's fraudulent and false representations, the plaintiff pleading in said petition the facts showing the value of the claim so released and transferred."

(2) That "the doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action in courts of the same jurisdiction is not enforced in Texas."

There is force in the plaintiff's first contention, but the defendant's answer thereto is of equal force, and inclines us to the view expressed by its counsel in a well-prepared brief filed in this court. We do not, however, find it necessary to definitely pass upon and determine the question, for the reason that we believe plaintiff's second proposition must be sustained.

[1, 2] The doctrine that the pendency of a prior suit for the same cause between the same parties in courts of the same jurisdiction is ground of abatement is not recognized in this state. The utmost extent to which the court may go upon the presentation of a plea setting up the pendency of such a suit is to put the plaintiff to his election of which suit he will prosecute and require him to abandon the other and pay the costs of it. This is the express holding of our Supreme Court in the cases of Payne v. Benham, 16 Tex. 364, and Trawick v. Martin, Brown Co., 74 Tex. 522, 12 S. W. 216. In Garza v. Jesse French Piano & Organ Co., 126 S. W. 906, this court, speaking through Mr. Justice Bookhout, said:

"The doctrine of the common law that a suit pending between parties precludes them from maintaining between themselves another suit on the same cause of action in courts of the same jurisdiction is not enforced in Texas."

This holding has been followed by this court in the later cases of Liberty Milling Co. v. Continental Gin Co., 132 S. W. 856; Minchew v. Case, 143 S. W. 366; Hartzog v. Seeger Coal Co., 163 S. W. 1055. See, also, Insurance Co. v. Hargus, 99 S. W. 580; Ellis v. Tips, 16 Tex. Civ. App. 82, 40 S. W. 524; Olschewske v. King, 43 Tex. Civ. App. 474, 96 S. W. 665; Simmang v. Braunagel, 27 S. W. 1032. The defendant questions the correctness of our holding in Garza v. Jesse French Piano & Organ Co., supra, and, conceding the

rule announced in the decisions of the Supreme Court cited above, argues that it was not error for the court to dismiss this suit, because the plaintiff stood silent, upon the presentation of the plea in abatement and the evidence conclusively establishing the pendency of the Tarrant county suit, and failed to elect which suit she would prosecute. In reply we say that we think the decision in Garza's Case correct, and that no relief was asked in the plea in abatement, except the absolute abatement and dismissal of this (the Hunt county) case. If it be true, as contended by defendant, that the only difference between the common law upon the subject and the rule enforced in this state is that the plaintiff may, upon the coming in of a plea setting up the pendency of a former suit, elect which case he will prosecute; still the authority of the court to dismiss, under the rule announced, depends upon the refusal of the plaintiff to elect which suit he will prosecute, and to pay the costs of the abandoned suit. The record fails to show that the plaintiff was given an opportunity to elect which of her suits she would prosecute, and that she failed or refused to exercise such right of election. The plea in abatement was evidently presented and determined upon the theory that the pendency of the suit in Tarrant county ipso facto entitled the defendant to a dismissal of this suit.

This, we think, is not the law, and it follows that at all events the dismissal of plaintiff's suit was error for which the judgment must be reversed, and the cause remanded, and it is accordingly so ordered.