[Civil No. 2685.  Filed February 13, 1928.]

[264 Pac. 98.]

HATTIE L. MOSHER, Appellant, v. CARRIE A. LOUNT, Individually and as Executrix of the Last Will of W. B. LOUNT, Deceased, Appellee.

Mr. John W. Ray and Mr. J. C. Niles, for Appellant.

Messrs. Chalmers, Fennemore & Nairn, for Appellee.

LOCKWOOD, J.—Hattie L. Mosher, hereinafter called appellant, brought suit in the superior court of Maricopa county against Carrie A. Lount, individually and as executrix of the will of W. B. Lount, deceased, hereinafter called appellee. In her complaint she set up substantially as follows: That prior to the death of W. B. Lount there existed a partnership between appellant and the said Lount, under the name and style of S. D. Lount & Son; that the appellant is the surviving partner of such partnership; and that appellee is the executrix of the will of W. B. Lount, and also the sole devisee and legatee under the said will. Appellant further alleges that the said partnership owned certain real estate which is described in the pleadings; that there are no debts of the partnership outstanding except some current expenses and taxes, the exact amount being unknown; that in said partnership the said W. B. Lount owned

an eleven-sixteenths interest and appellant a five-sixteenths interest, and that after any obligations due are paid the partners are entitled to their respective shares of the property in accordance with their interests; that because of its character it is impossible to divide the property in specie; and that, therefore, appellant prays for a partition and sale thereof, that out of the proceeds of the sale the liabilities of the partnership be paid and the net proceeds be divided as is equitable and just, and for general relief.

Appellee answered, alleging: That the partnership existing between W. B. Lount and appellant was dissolved by the death of the former. That all of the property described in appellant's complaint, with the exception of one parcel, belonged to the partnership. And that prior to the commencement of the present action the appellee commenced an action in the superior court of Maricopa county demanding, among other things, that appellant be compelled to render an account of the partnership; that a receiver be appointed to take charge of, manage, and settle its affairs; that appellee as the sole legatee of Lount have judgment for her interest therein, and for general relief; that such action is still pending and undetermined; that the party plaintiff therein is the party defendant in this action, and the party defendant in said prior action is the party plaintiff in this action; and that the settlement and adjustment of all the affairs of the partnership between W. B. Lount and appellant herein are involved in the issues of the prior action; and concluded with a prayer that the present action abate until the final determination of said prior action.

The matter was heard before the court on the plea in abatement, and all the files, papers, and records in cause No. 20,786, being the prior action set up in such plea, were offered in evidence, and after due deliberation the plea in abatement was sustained and

judgment rendered thereon. After motion for new trial was made and denied, appellant has brought said judgment in abatement and the order denying the motion for new trial before us for review.

There are but two assignments of error, which raise in effect the same question, to wit, Was the action of the trial court in sustaining the plea in abatement and dismissing the action correct? It is urged by appellant that it is the general rule of law that a plea in abatement on the ground of *lis pendens* will not be sustained unless not only are the same parties involved, but the plaintiff at least must be the same person in both suits, and such a plea is not good when there are cross-suits with a plaintiff in one suit who is defendant in the other. It is further contended that the respective rights and remedies of the parties are so different in the two suits that there is no identity of causes of action.

There can be no doubt that the overwhelming weight of authority is that, ordinarily speaking, in order to sustain a plea in abatement on the ground of *lis pendens*, the plaintiff in both suits must be the same person, and the plea is not well taken in the case of cross-suits where the plaintiff in one case is the defendant in the other. *O'Connor* v. *Blake*, 29 Cal. 312; *Ayres* v. *Bensley*, 32 Cal. 620; *Long* v. *Lackawanna Coal Co.*, 233 Mo. 713, 136 S. W. 673; *Rodney* v. *Gibbs*, 184 Mo. 1, 82 S. W. 187; *Wadleigh* v. *Veazie*, Fed. Cas. No. 17031. In the case of *Dowdy* v. *Calvi*, 14 Ariz. 148, 125 Pac. 873, while the court did not pass expressly on the question, yet the implication is that, generally speaking, a plea in abatement will be granted only when the plaintiff in both causes is the same person. There are, however, a number of well-recognized exceptions to this rule, among them being actions for an accounting. *Coubrough* v. *Adams*, 70 Cal. 374, 11 Pac. 634; *Ward* v. *Gore*, 37 How. Pr. (N. Y.) 119; *Emry* v. *Chappell*,

148 N. C. 327, 62 S. E. 411; *Arakawa et al.* v. *Co-op. Farm. Ex. Co., Inc.,* 81 Colo. 92, 253 Pac. 830.

The action set up in the plea in abatement was one for an accounting between the parties, and the present one involved certain items of account at least contained in the prior one. We think, therefore, under the exception to the rule set forth, the fact that plaintiff in one suit was defendant in the other does not, of itself, defeat the plea in abatement.

The next question is whether the causes of action are the same in the two suits. There are several tests which have judicial sanction in determining whether or not the causes of action are the same for the purpose of abatement by reason of the pendency of a prior action. We think that probably the best is whether or not a final judgment in the former suit would support a plea of *res adjudicata* in the latter. If it would, the suits are identical for this purpose; otherwise, they are not. *United States* v. *Haytian Rep.,* 154 U. S. 118, 38 L. Ed. 930, 14 Sup. Ct. Rep. 992; *Hall* v. *Susskind,* 109 Cal. 203, 41 Pac. 1012; *Cobb* v. *Fogg,* 166 Mass. 466, 44 N. E. 534; 1 C. J. 66. Would a judgment in the case pleaded in abatement be *res adjudicata* on the issues raised in the case at bar?

It appears that the purpose of the first case was an accounting of the partnership existing between W. B. Lount and appellant, under the name of the City Ice Delivery Company. The prayer for relief was—

"for an accounting of the business and affairs of the said City Ice Delivery Company, . . . that the receiver take charge of, manage, and settle the business and affairs of said partnership. . . . For such other and further relief as the court may deem just and equitable."

It further appears from the record that appellant had originally taken possession of the property of such partnership as the surviving partner, under

paragraph 970, Revised Statutes of Arizona of 1913, Civil Code. This paragraph reads as follows:

"970. When a partnership exists between the decedent, at the time of his death, and any other person, the surviving partner has the right to continue in possession of the partnership and to settle its business, but the interest of the decedent in the partnership must be included in the inventory, and be appraised as other property. *The surviving partner must settle the affairs of the partnership without delay, and account with the executor or administrator and pay over such balances as may from time to time be payable to him in right of the decedent.* Upon the application of the executor or administrator, the court or judge may, whenever it appears necessary, order the surviving partner to render an account, and in case of neglect or refusal, may, after notice, compel it by attachment; and the executor or administrator may maintain against him any action which the decedent could have maintained." (Italics ours.)

By its terms it was the duty of the appellant herein to settle the affairs of the partnership, to account with the appellee, and to pay over to the latter her share of the partnership assets after the accounting had been made. The suit pleaded in abatement set up that appellant had failed in her duty, and asked in substance that a receiver be appointed to do the very things which the statute says appellant should have done. Some authorities are to the effect that in an accounting there cannot be a division in specie without the consent of the parties. *Leyhe* v. *McNamara* (Tex. Com. App.), 243 S. W. 1074; *Godfrey* v. *White,* 43 Mich. 171, 5 N. W. 243; *Pierce* v. *Covert,* 39 Wis. 252. It is held, however, in many jurisdictions, that so far as the real estate of the partnership is concerned, the court in a proceeding for an accounting between the partners may either partition it in kind, or may sell it and divide the proceeds. *Tenney* v. *Simpson,* 37 Kan. 579, 15 Pac.

512; *Bagg* v. *Osborn,* 169 Minn. 126, 210 N. W. 862; *Patterson* v. *Blake,* 12 Ind. 436; *Jackson* v. *Deese,* 35 Ga. 84; *Chase* v. *Angell,* 148 Mich. 1, 118 Am. St. Rep. 568, 108 N. W. 1105. We think the latter the much better rule under our procedure. Our courts, having taken jurisdiction of a matter, will render whatever judgment may be necessary to settle the issues and rights of the parties, whether they be equitable or legal. Par. 548, Rev. Stats. Ariz. 1913, Civ. Code. The trial court therefore, in the prior case, had ample jurisdiction to determine the debts, sell the partnership assets, including the realty, pay the liabilities out of the proceeds of such sale, and divide the net proceeds as might be equitable and just, or to partition the assets in specie. But no greater relief could be granted in the suit at bar, and a judgment in the prior action would be *res adjudicata* between the parties as to every question, either of fact or of law, attempted to be raised in this suit.

It is urged by appellant, however, that the partnership set up by her in this action as being the owner of the real property in question is an entirely distinct and separate one from that involved in the prior action. This, of course, is a controverted question of fact, and on the pleadings and record in the prior case, we cannot say that the trial court was not justified in concluding that the real estate attempted to be partitioned in the present action was owned by the partnership whose accounts were being settled in the prior suit.

For the foregoing reasons, the judgment of the trial court on the plea in abatement was not erroneous, and is hereby affirmed.

ROSS, C. J., and McALISTER, J., concur.