[Civil. Nos. 3540, 3541, 3542, 3543, 3544.  Filed June 24, 1935.]

[46 Pac. (2d). 1073.]

Y. C. WHITE, Superintendent of Banks of the State of Arizona and Ex-officio Receiver of The Arizona Bank, an Arizona Banking Corporation, Insolvent, Appellant, v. K. W. DAVIDSON, Appellee (No. 3540), JOHN ALLEN WARE, Appellee (No. 3541), LOUIS L. WALLACE, Appellee (No. 3542), ALLEN E. WARE, Appellee (No. 3543), GEORGE W. MILLER and ISABELLA C. MILLER, Appellees (No. 3544).

(1)

Mr. Arthur T. La Prade, Attorney General, and Mr. Riney B. Salmon, Mr. Frank W. Beer and Mr. George M. Hill, Assistant Attorneys General, for Appellant.

Mr. John L. Sullivan, Attorney General, and Mr. Allan K. Perry, Mr. Lloyd J. Andrews, and Mr. Evo De Concini, Assistant Attorneys General, for Appellant.

Mr. D. P. Hatch and Mr. Louis L. Wallace, for Appellees.

LOCKWOOD, C. J.—Y. C. White, as superintendent of banks of the state of Arizona, hereinafter called plaintiff, brought five separate suits against K. W. Davidson, John Allen Ware, Louis L. Wallace, Allen E. Ware, and George W. Miller and Isabella C. Miller, to enforce the collection of a stockholders' liability on account of stock which plaintiff claimed defendants owned in the Arizona Bank, an insolvent Arizona banking corporation. The defendant in each of the five cases appeared specially for the sole purpose of objecting to the jurisdiction of the court, and in support of said objection alleged: (a) That the purpose of the action was to recover from him a certain sum on account of an alleged stockholder's liability based on the ownership by defendant of certain shares of the capital stock of the Arizona Bank; (b) that prior to the commencement of the instant action, such defendant, together with each of the other defendants in the actions brought by plaintiff, had instituted an action in the superior court of Mohave county against various parties, including the then superintendent of banks, Lloyd Thomas, in his representative capacity; that the action thus referred to was still pending and undetermined; and that because of its nature the trial court had no jurisdiction to consider the present case. The objections to the jurisdiction aforesaid came up for hearing, and the five actions above referred to were consolidated for the purposes of the hearing. The minute entries then show the following proceedings:

"Respective Counsel argue *pro* and *con* on the above mentioned Plea, and

"At 12:20 o'clock p. m. the Court stands at recess until—1:30 o'clock p. m.

"All interested persons heretofore mentioned are present in Open Court.

"Respective Counsel make further argument to the Court, whereupon

"The Court rules that it has no jurisdiction in these Causes, and they are Dismissed without prejudice."

—whereupon this appeal was taken from the order of dismissal; it being stipulated that the cases be briefed and abstracted as one, and they will be considered together in this court as they were in the lower one.

There is but one assignment of error, which is that the trial court erred in sustaining defendants' objection to the jurisdiction of the court and in dismissing the complaint. This assignment, however, raises a number of questions of law which we shall consider in their logical order. It is first urged by plaintiff that defendants' pleading, although entitled "special appearance and objection to the jurisdiction of the court," if considered by the court to be in reality what it is entitled, is clearly demurrable. We are of the opinion that this is true. An objection to the jurisdiction of the court made before judgment can, of course, raise but two questions: (1) Did the court have jurisdiction of the subject-matter of the action, and (2) Did it have jurisdiction of the person of the parties? The subject-matter of the action was the attempted enforcement of a stockholders' liability in a defunct bank, and that the superior court of the county where defendants reside has jurisdiction of an action of this nature under our statutory and constitutional provisions is so plain that it needs no citations to sustain it. That it had jurisdiction of the person of the defendants is shown by the sheriff's return on the original summons issued. It was therefore erroneous for the court to hold that it had no jurisdiction of the action. We think, however, that it is the substance and not the name of a pleading which should determine its character. So considered, it is obvious to us that defendants' pleading is in reality a plea in abatement on the ground

of another action pending, under the provisions of sections 3776 and 3777, Revised Code 1928, and we shall discuss the law involved on that assumption.

It is claimed by plaintiff that when a plea in abatement on the ground of the pendency of another action is filed, it is necessary for the defendant to prove the allegations of the plea, and that their truth may not be assumed by the court unless they have been admitted by plaintiff. In support of this rule counsel cites the cases of *Ross* v. *Fox's Admr.*, 212 Ky. 838, 280 S. W. 143; *Reis* v. *Applebaum,* 170 Mich. 506, 136 N. W. 393; *Franzen et al.* v. *Chicago, M. & St. P. R. Co.,* (C. C. A.) 278 Fed. 370; *Flinn* v. *Western Mut. Life Assn.,* 187 Iowa 507, 171 N. W. 711; *Builders' Supply Co.* v. *Piedmont Lbr. Co.,* 122 Va. 225, 94 S. E. 938; *Foley* v. *Ruley,* 43 W. Va. 513, 27 S. E. 268.

■■ Defendants apparently do not contest the correctness of the rule, but urge that the trial court regarded the admissions of plaintiff to be such as to render unnecessary the taking of evidence. They further urge that since there is no statement of facts, bill of exceptions or transcript of the reporter's notes in the record, we must presume that there was sufficient evidence offered and received to sustain the judgment of the trial court. It is further contended that a full copy of the pleadings in the former suit was annexed to defendants' plea in abatement, and that this was sufficient evidence to sustain the plea. It has been held in *People* v. *Jose Ramon De La Guerra,* 24 Cal. 73, that the annexation to the answer of a copy of the record of the former proceedings does not do away with the necessity of a trial, and that the introduction of the record itself is necessary to support a plea in abatement. *Simon* v. *Durham,* 10 Or. 52. This court has held repeatedly that an exhibit attached to a pleading was not, as a matter

of fact, a part of the pleading and could not be made so by reference. *McPherson* v. *Hattich,* 10 Ariz. 104, 85 Pac. 731; *State* v. *Superior Court of Pima County,* 14 Ariz. 126, 125 Pac. 707; *Greenlee County* v. *Cotey,* 17 Ariz. 542, 155 Pac. 302. Considering defendants' contention that we must assume there was evidence to sustain the findings of the trial court, if the reporter's transcript, bill of exceptions or statement of facts is not before us, it is true that we have held several times that unless the whole of the evidence presented in the lower court is before us, we will not consider any assignment to the effect that the evidence is insufficient to sustain the judgment. *Ensign* v. *Koyk,* 31 Ariz. 1, 250 Pac. 246; *Wooster* v. *Scorse,* 16 Ariz. 11, 140 Pac. 819. If, however, it appears affirmatively from the record that no evidence whatever was taken by the trial court, but that the question was considered as one of law upon the face of the pleadings, the rule obviously is not applicable. We think the minutes of the trial court above set forth show affirmatively that the question of the plea in abatement was so determined by that court. If such were the case, under the authorities above cited, since defendants presented no evidence on the plea in abatement, and the record did not show that plaintiff had admitted the facts set forth in such plea, we might well hold that the order appealed from was erroneous for that reason.

But even assuming that the trial court might consider the pleadings showed that plaintiff had admitted the truth of the allegations of fact in regard to the prior suit, we must next consider whether the plea was sufficient as a matter of law. In order to do this we must determine under what circumstances a previous action may be pleaded in abatement of a later one. Generally speaking, it is essential that it

shall appear not only that there is a prior action pending between substantially the same parties, but also that the cause or causes of action and the issues involved are substantially the same in the two suits. *Dowdy* v. *Calvi,* 14 Ariz. 148, 125 Pac. 873; *Heilbron* v. *Fowler Switch Canal Co.,* 75 Cal. 426, 17 Pac. 535, 7 Am. St. Rep. 183; 1 C. J. 76. In the case of *Mosher* v. *Lount,* 33 Ariz. 272, 264 Pac. 98, 99, we had occasion to discuss the essential requisites of a former suit which would sustain a plea in abatement, and held that ordinarily the plaintiff in both suits must be the same person, and that the plea was not well taken in the case of cross-suits where the plaintiff in one case was the defendant in another. We further held, however, that there were some exceptions to the rule, among them being actions for an accounting. We also considered the test when the causes of action were the same in the two suits, and said:

" . . . There are several tests which have judicial sanction in determining whether or not the causes of action are the same for the purpose of abatement by reason of the pendency of a prior action. We think that probably the best is whether or not a final judgment in the former suit would support a plea of *res adjudicata* in the latter. If it would, the suits are identical for this purpose; otherwise, they are not. *United States* v. *Haytian Rep.,* 154 U. S. 118, 14 Sup. Ct. 992, 38 L. Ed. 930; *Hall* v. *Susskind,* 109 Cal. 203, 41 Pac. 1012; *Cobb* v. *Fogg,* 166 Mass. 466, 44 N. E. 534; 1 C. J. 66."

Let us apply this test to the present case. The case pleaded in abatement of the present one came before us as *Miller et al.* v. *Arizona Bank et al.,* 45 Ariz. 297, 43 Pac. (2d) 518. It was necessary for us to determine the nature of that proceeding, and after a careful investigation we held that it was a suit in equity for rescission of contracts of purchase of the very stock in the Arizona Bank upon which plaintiff in this suit

predicates the liability of defendants for a stockholder's assessment. The superintendent of banks, in his official capacity, was made a party to that action. Would a judgment therein have been *res adjudicata* as to the issues in the present action? It is obvious that if the defendants herein had prevailed in that suit the court would necessarily have held their contract of purchase of the stock invalid, and such a holding would have been *res adjudicata* as against plaintiff herein in any attempt to enforce a stockholder's liability on such stock as against defendants. But the predecessor of plaintiff herein, the then superintendent of banks, did not in such proceeding attempt to enforce a stockholder's liability. He was merely made a party on the theory that he was about to bring suit to enforce such liability, and relief was sought against him in the nature of an injunction forbidding the bringing of such suits. It is perhaps true that under the very liberal provisions of sections 3784 and 3785, Revised Code 1928, in regard to counterclaims, he might, had he so desired, have requested the enforcement of the liability; but such an action on his part could not have been presented as a matter of defense to the suit, but merely as a counterclaim, and it is almost universally held that a defendant, although he *may* plead a matter of counterclaim, is not *obliged* to do so, and that if he does not a judgment against him on the complaint is not a bar to his counterclaim. *Business Men's Oil Co.* v. *Priddy,* (Tex. Com. App.) 250 S. W. 156; *Jennison Hardware Co.* v. *Godkin,* 112 Mich. 57, 70 N. W. 428; *Kaplan* v. *Coleman,* 180 Ala. 267, 60 So. 885; *Osborn* v. *Cloud,* 23 Iowa 104, 92 Am. Dec. 413; *Olschewske* v. *King,* 43 Tex. Civ. App. 474, 96 S. W. 665; *Long* v. *Lackawanna Coal & Iron Co.,* 233 Mo. 713, 136 S. W. 673. Such being the case, the question of whether or not defendants herein were

liable for assessment upon the shares of stock involved could not be fully adjudicated in the former suit. A judgment in their favor would, of course, have been a bar to plaintiff's maintaining this action, but a judgment *against* them in the former action would by no means have been a bar to a defense by them of the present case. It would have determined only the question, so far as this suit is concerned, that they were the owners of the bank stock in question, and would not have prevented them from setting up any other defense which might have been urged in bar of their liability, such as the fact that the bank was not actually insolvent, that the extent of its insolvency had been overestimated by plaintiff, that they had already paid the amount of the assessment in question, and other defenses which, theoretically at least, were possible.

We are of the opinion, for the foregoing reasons, that even assuming (a) that defendants' pleading was a plea in abatement, and not one to the jurisdiction of the court; (b) that the truth of the facts set forth in such plea were admitted by plaintiff; and (c) that although it was not between the same parties in the same capacity, it nevertheless fell within an exception to the general rule set forth in *Mosher* v. *Lount, supra,* that the ultimate test described in the case last cited, to wit, that any final judgment in the former case would necessarily be *res adjudicata* as to all of the issues involved in the later one, is not satisfied. The court therefore erred in dismissing the actions, and its order is set aside and the actions reinstated for such further action as may be proper.

McALISTER and ROSS, JJ., concur.