272 P.2d 167

**WELLS  v.  WELLS.**

No. 8015.

Supreme Court of Utah.

June 25, 1954.

Glen E. Fuller, Salt Lake City, for appellant.

White, Arnovitz & Smith, Salt Lake City, for respondent.

COWLEY, District Judge.

Action to recover alimony and child support where parties had previously been divorced in the State of Nevada. Plaintiff and defendant were married in Watertown, New York, on April 4, 1943. One child, Dorothy, was born as issue of said marriage on November 9, 1944. The only place they lived together as husband and wife was in the State of New York. In the latter part of June, 1949, he left New York State and went to Elko, Nevada, where he obtained work and established a six weeks' residence for the purpose of obtaining a divorce. After establishing a six weeks' residence he obtained a divorce and within a few days thereafter married another New York girl whom he sent for and moved to Salt Lake City where he and the new Mrs. Wells have since resided. Plaintiff is still a resident of New York State.

In defendant's complaint for divorce in Nevada wherein he was plaintiff, he prayed for a decree of divorce without requesting any provision be made for alimony for his wife or child support for his daughter. Plaintiff here, defendant in the Nevada case, was served personally in the State of New York which was equivalent to constructive service, and made no appearance in the Nevada court. The Nevada court granted defendant a decree of divorce, made a negative provision concerning alimony, but required defendant to pay $35 per month as child support for his daughter. Defendant has not paid a single installment under the Nevada decree. Defendant moved to Salt Lake City and thereafter the plaintiff sought him out here for the purpose of enforcing her rights.

Plaintiff's complaint in the case at bar seeks to recover alimony and child support independent of the Nevada decree on the theory that the Nevada decree was an adjudication of the parties' marital status but was not an adjudication as to its provisions pertaining to alimony and child support since the Nevada court did not have jurisdiction of the plaintiff and child.

Defendant's answer joined issue as to the legal effect of the Nevada decree, incorpo-

rating the Nevada pleadings and decree as an exhibit, and further alleged that the trial Utah District Court was without jurisdiction to entertain an independent action for alimony and child support.

Plaintiff thereafter was allowed by the court to file a reply over the objection of the defendant after notice and hearing. The reply alleged that defendant fraudulently obtained the decree of divorce by not establishing a bona fide residence in Nevada, thereby attacking the validity of the Nevada decree in its entirety which was a modification of her position in the complaint as to the legal effect of the Nevada decree, but did not change the basis of recovery of alimony and child support therein alleged and claimed.

At the conclusion of the trial upon the pleadings heretofore filed whereat the defendant was the only witness and the only issue tried within the pleadings pertained to his Nevada residence, and after some testimony had been admitted outside the issues proving the fact defendant had paid nothing under the Nevada decree for child support, the court was of the opinion that the Nevada decree was valid and also binding on both parties in its entirety, and that plaintiff was not entitled to recover alimony and child support in an independent action.

Thereupon the court permitted plaintiff to file an amended and supplemental complaint based upon Nevada decree in order that she could recover the unpaid child support money up to the filing of the amended and supplemental complaint, and to establish the Nevada decree as a decree of the Third District Court of Utah.

Defendant was given an opportunity to answer and be heard at a second hearing. He had no testimony to offer and the court granted judgment to plaintiff as prayed in her amended and supplemental complaint.

Plaintiff accepted the ruling and judgment of the trial court although this eliminated the possibility of her recovery of alimony for herself and child support for the child in an independent action in sums far in excess of the amount decreed her under the Nevada decree.

Defendant appealed from the judgment of the court raising jurisdictional and pleading questions.

Defendant's first contention is that the District Court had no jurisdiction over the subject matter of the complaint to which the relief prayed for was related. This contention involves the question as to whether a nonresident divorced woman can enter the courts of Utah for the purpose of securing alimony and child support from a former husband who secured a Nevada divorce, claiming the right to secure alimony and child support in an "independent" action.

■ Assuming without deciding that defendant's contention on the above jurisdictional question is correct, nevertheless, the court did have jurisdiction to try and determine the validity of the Nevada decree. Defendant as well as plaintiff invoked the

jurisdiction of the court to determine the legal effect of the Nevada decree. Had the court ruled the Nevada decree null and void as contended by the plaintiff in her complaint as amended by the reply then the defendant could have raised the jurisdictional question as to plaintiff's right to bring an independent action and appealed therefrom if he had received an adverse ruling. But since the plaintiff was willing to accept the court's ruling upholding the Nevada decree and proceed thereunder by filing her amended and supplemental complaint as permitted by the court this appeal must be decided on defendant's contention based upon Rule 15(b) and (d), Utah Rules of Civil Procedure.

The defendant contends that the lower court improperly allowed plaintiff to file an amended and supplemental complaint under Rule 15(b) and (d) of Utah Rules of Civil Procedure. Subdivision (b) of this rule relates to amendments to conform to the evidence and may be made at any time, even after judgment. Defendant specifically contends the court erred in allowing the amendments because "no issue not raised by the pleadings was tried by express or implied consent of the parties," which is the first provision of said rule. While this is true defendant overlooks the second provision of said rule which reads as follows:

"* * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended *when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his * * * defense upon the merits.* The court shall grant a continuance, if necessary, to enable the objecting party to meet such evidence." (Emphasis ours.)

At the trial the court tried, over the objections of the defendant, the issue as to the validity of the Nevada decree and the fact that he had paid nothing under the provision for child support.

After the court ruled that the Nevada decree was valid in all particulars it allowed plaintiff to file the amended and supplemental complaint to conform to the evidence based thereon under Rule 15(b) and under provision (d) of said rule the court permitted plaintiff to allege the additional child support installments under the Nevada decree which had accumulated between the filing of the complaint and the amended and supplemental complaint.

The trial court took the precautionary step of permitting defendant to file an answer which he did, and to grant him an opportunity to "meet such evidence" at a second hearing. Defendant had no further testimony to offer which was the obvious situation since he had admitted the entry of the Nevada decree and that he had not paid any child support installments under

it. The continuance may not have been necessary although allowed.

■■ Defendant argues that the amended and supplemental complaint constituted a new and separate cause of action and therefore cannot be allowed by amendment. This rule has given the courts considerable trouble in the past due to the different meanings and construction of the term "cause of action," but as pointed out in, Hartford Accident & Indemnity Co. v. Clegg, 103 Utah 414, 135 P.2d 919, 922, this term cannot be taken literally but must be given a liberal construction, the term is broadly descriptive, its use purely practical, and its bounds as extensive as can be conveniently and efficiently handled as a single unit without injury to substantive rights. In the above case we held in effect that the test is not whether under technical rules of pleading a new cause of action is introduced, but rather the test is whether a " 'wholly different cause of action' " or "legal obligation" is introduced, that is, an amendment will be allowed if a change is not made in the liability sought to be enforced against the defendant. The reader is referred to the above cited case for an able and extensive discussion of the term "cause of action." See also concurring opinion.

■ In the recent case of Jackson v. Cope, 1 Utah 2d 330, 266 P.2d 500, 503, decided February 4, 1954, and which cites with approval the Hartford Accident & Indemnity Co. v. Clegg case, we stated:

" 'The term "cause of action" is used with many different meanings. * * * Such a term leads to confusion rather than clearness of thought. * * * The rule would be much more definite and understandable if we omitted from consideration entirely the question of whether a new cause of action had been imported, rather than *to enlarge* the meaning of the term "cause of action".'

" '* * * amendments should be liberally allowed *in the interest of justice* whenever it will aid in settling an entire controversy. The limitations thereon should be whether the matters involved are such as can be conveniently and effectively handled in one trial without injury to substantive rights'."

See also Reich v. Christopulos, Utah, 256 P.2d 238, decided April 16, 1953, pertaining to amendment of pretrial order after trial to conform to the evidence as being analogous to amendment of pleadings after trial.

■ In the case at bar the subject matter throughout was child support since we are no longer concerned with alimony. The amended and supplemental complaint could have been plead as an alternative cause of action or count in the original complaint and judgment had thereon as a result of the court's ruling upholding the validity of the Nevada decree. While the amendment was in a technical sense a new cause of action,

it was not a wholly different cause of action or legal obligation, but was germane and related to it. In fact it was the same legal obligation, namely, child support, from the same parent to the same child.

The amendment was made to conform to the evidence and the new issue was such as could conveniently and effectively be handled to settle an entire controversy in the furtherance of justice. without injury to substantive rights. Defendant was not taken by surprise by the evidence and he was given an opportunity to meet it. The court did not err in permitting the filing of the amended and supplemental complaint.

Defendant also contends the court improperly allowed the filing of the reply. The reply in this case is nothing more than an amendment to plaintiff's complaint. It is the substance and not the name of a pleading which determines its character, White v. Davidson, 46 Ariz. 1, 46 P.2d 1073. The court properly allowed the amendment after notice under Rule 15(a), Utah Rules of Civil Procedure. The principles hereinabove discussed pertaining to the filing of the amended and supplemental complaint also apply to the filing of the so-called reply in answer to defendant's contention that the reply injected a new and different cause of action.

Defendant's other minor contentions are without merit and are immaterial to our decision. We therefore do not discuss them.

Judgment affirmed. Plaintiff is entitled to costs.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

HENRIOD, J., concurs in the result.

WOLFE, C. J., being disqualified, did not participate in the hearing of this cause.